David G. GAA, a minor, by his next friend and natural father, Johnny J. Gaa, Johnny J. Gaa, and Kathryn M. Gaa, Appellants,

v.

Robert C. EDWARDS, Respondent.

No. WD 32127.

Missouri Court of Appeals, Western District.

Dec. 29, 1981.

Theodore M. Kranitz, St. Joseph, for appellants.

Larry L. Zahnd, Maryville, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM:

This appeal is dismissed for want of a final judgment.

Plaintiffs, David Gaa, a minor, and Johnny Gaa and Kathryn Gaa, David's parents, filed a six-count petition against defendant Robert C. Edwards in the Circuit Court of Nodaway County.

In Count 1 of plaintiffs' petition, a count in equity, plaintiffs sought an injunction to restrain defendant from allowing his dog to roam on plaintiffs' property and to prevent defendant from entering plaintiffs' property. Plaintiffs sought $10,000 for damages already incurred.

Counts 2 and 3 allege that on two separate occasions defendant allowed his dog to escape from his control and attack David Gaa. David sought damages in the sum of $10,000 for each attack.

Count 4 claims that defendant, without provocation, assaulted David Gaa. The attack took place on a public road while David was in the company of his mother. David claims $15,000 in actual damages and $15,000 in punitive damages.

Count 5 alleges that defendant, without provocation, assaulted Kathryn Gaa. This attack occurred at the same time as the attack upon David alleged in Count 4. Kathryn sought $15,000 actual damages and $15,000 punitive damages.

Count 6 requests $10,000 actual and $10,000 punitive damages for Johnny Gaa's loss of his wife's and son's services.

In a counterclaim against Kathryn and Johnny, defendant claims $10,000 in actual damages and $40,000 in punitive damages for malicious prosecution. The counterclaim alleges that plaintiffs, without probable cause, induced the prosecuting attorney

of Nodaway County to file a criminal information against the defendant, thereby causing the arrest of defendant on a charge of assault in the third degree upon Kathryn and David. The prosecuting attorney later terminated the prosecution against defendant without trial and without conviction.

All claims were tried together. The trial court found for defendant on plaintiffs' equitable claim. The jury returned a verdict for defendant on Count 2, the first dog attack upon David, and on Count 4, defendant's assault on David. The jury returned a verdict for David on Count 3, the second dog attack, awarding him $45.00 in damages.

The jury could not agree to a verdict on Count 5, the assault on Kathryn; Count 6, Johnny's claims for loss of services; nor on defendant's counterclaim for malicious prosecution. The trial court declared a mistrial on the latter three counts. After overruling plaintiffs' motion for a new trial, the trial court entered judgment on the first four counts and designated the judgment final for purposes of appeal. Plaintiffs appeal the judgment entered on the first four counts.

Respondent argues that this court is without jurisdiction to hear the appeal since a final judgment disposing of all issues in the case was not entered. Even if neither party questions our jurisdiction, we must consider it *sua sponte. Starnes v. Aetna Casualty and Surety Co.*, 503 S.W.2d 129 (Mo.App.1973).

The right to appeal is purely statutory. *Starnes v. Aetna Casualty and Surety Co.*, supra. Appeals are governed by § 512.020, RSMo 1978, which provides that an appeal may be taken "from any final judgment in the case..." In order for a judgment to be final and appealable, all parties and issues must be resolved. Nothing can be left for the trial court's later determination. *Bennett v. Wood*, 239 S.W.2d 325, 327–328 (Mo.1951); *Hance v. St. Louis-San Francisco Railway Co.*, 283 S.W.2d 879 (Mo.App.1955). A final judgment has not been entered if counterclaims remain pending. *Todd v. St. Ann's School*

*Music Service, Inc.*, 585 S.W.2d 522 (Mo.App.1979).

Rule 81.06 provides for finality of judgments for purposes of appeal, upon claims, counterclaims and third-party claims that are separately tried, even though all issues raised by the pleadings are not resolved. However, the Rule is inapplicable in this case. In this case, all counts of the petition and the counterclaim were tried together. The trial court had no authority to designate the judgment as final for purposes of appeal. The designation, therefore, had no effect. *See State ex rel. State Highway Commission v. Armacost Motors*, 502 S.W.2d 330 (Mo.1973).

Since two counts of the petition and the counterclaim remain undecided, no final and appealable judgment is now before this court. Therefore, this appeal must be dismissed as premature.

All concur.