**Elsie M. BRIDGES, Petitioner-Appellant,**

v.

**Cecile L. HURD, et al., Defendant-Respondent.**

**No. WD 32968.**

Missouri Court of Appeals, Western District.

Jan. 11, 1983.

David Achtenberg and Dorothy L. Campbell, Achtenberg & Achtenberg, P.C., Kansas City, for petitioner-appellant.

Shirley Jean Wright, Colbert & Fields, Kansas City, for defendant-respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Elsie Bridges filed suit against the administratrix of the estate of George T. Bridges and his heirs at law seeking an adjudication that she is entitled to the full legal ownership of a certain piece of residential real estate.[1] This suit was transferred from another division of the circuit court to the probate division, where it was consolidated for trial with Mrs. Bridges' claim for compensation. Evidence was heard by the commissioner of the probate court division, who entered a judgment in favor of all the defendants.[2] On this appeal, Mrs. Bridges contends that she was entitled to a judgment. Because this court finds that there was no final judgment, the appeal is dismissed.

Section 478.266, RSMo 1978 allows the circuit judges of Jackson County to appoint one person to act as a commissioner of the circuit court's probate division. That section provides:

> Subject to approval or rejection by the judge of the probate division, the commissioner shall have all the powers and duties of the judge. The judge shall by order of record reject or confirm all or-

---

1. Elsie also filed a claim for compensation for services rendered against the estate of George, which was denied. No question concerning that claim is raised on this appeal.

2. By virtue of schedule § 27.4a of the amendment to article 5 of the constitution, which became effective January 2, 1979, the probate judge of Jackson County became a circuit judge serving as judge of the probate division. That same section provides that the judge of the probate division may, if he consents to do so, hear, try, and determine any case within the jurisdiction of the circuit court. This case raises the question of whether or not § 478.266 is broad enough to confer jurisdiction on the com-

missioner of the probate division to hear, with the consent of the judge of the probate division, any case within the jurisdiction of the circuit court, or whether the commissioner is confined to hearing cases involving only traditional probate jurisdiction. The equitable claim involved in this appeal was within the jurisdiction of the circuit court, but does not involve strictly probate jurisdiction. It was, however, consolidated for trial with a claim against the estate, which is within historic probate jurisdiction. Whether the commissioner had jurisdiction to hear the equitable claim is not decided because there is no final judgment.

ders, judgments and decrees of the commissioner within the time the judge could set aside such orders, judgments or decrees had the same been made by him. If so confirmed, the orders, judgments and decrees shall have the same effect as if made by the judge on the date of their confirmation.

Thus, the commissioner possesses the powers and duties of a judge only when his actions have been either approved or rejected by the probate division judge. The judge is required to reject or confirm the commissioner's actions within the time that he could set aside such orders, judgments, or decrees had they been made by him. Under Rule 75.01, this means that the judge must by order reject or confirm the commissioner's actions within thirty days.

 This requirement was not met in this case. The record on appeal shows that the commissioner of the probate division heard the evidence and entered a judgment in favor of all the defendants on July 2, 1981. There is nothing in the record, however, indicating that the judge of the probate division either rejected or approved the judgment entered by the commissioner. Thus, the judgment of the commissioner in this case is not a final judgment.

While the parties failed to question the finality of the judgment, it is the duty of this court to consider sua sponte questions regarding jurisdiction of an appeal. *Gaa v. Edwards,* 626 S.W.2d 685, 686 (Mo.App. 1981). As stated in *Gaa,* the right to appeal is purely statutory, and an appeal may be taken only from a final judgment. 626 S.W.2d at 686[1]. Since cases heard by the probate division commissioner result in a final judgment only if they are confirmed by the probate division judge within thirty days after the commissioner enters the judgment, and this requirement was not met in this case, there is no final judgment, and the appeal is therefore dismissed.

All concur.