In the ESTATE OF Ruth L. NORMAN,
Deceased, Respondent,

v.

Jack Louis NORMAN, David Allen
Norman and Phillip Thomas
Norman, Appellants.

No. 56922.

Missouri Court of Appeals,
Eastern District,
Division One.

July 24, 1990.

Michael V. Frierdich, Arthur W. Morris, Columbia, Ill., for appellants.

Mark M. Wenner, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, the stepsons of the testatrix, Ruth L. Norman, appeal an order of the Circuit Court of St. Louis City construing the last will and testament of the testatrix. We dismiss for lack of jurisdiction.

The testatrix died January 22, 1987. In addition to the appellants, the testatrix' heirs consisted of two cousins who reside in West Germany. The cousins each benefitted from specific devises in the will. One of the cousins, Miss Helene Schlechte, also received forty-five percent of the testatrix' substantial residual estate.

The appellants received forty-five percent of the residual estate,[1] $45,000.00 in government securities and certain properties described by Item Fourth of the will:

"Fourth: I give and bequeath to my three step-sons, Jack Louis Norman, David Allen Norman and Phillip Thomas Norman, or the survivors or survivor of them, all of my clothing, books, jewelry, pictures, articles of personal use or diversion, automobiles, gold or silver plate, household goods, provisions and furnishings, to be divided among them as they shall agree."

The total estate of the testatrix was valued at close to one-million dollars. Included in this amount were a large number of gold and silver coins and two bars of gold bullion, all of which had been appraised at a total value of $47,637.80. The only other silver or gold in the inventory of the estate included a silver plate syrup pot valued at $25.00 and a silver plate punch ladle valued at $15.00.

On January 6, 1989, the appellants filed a petition to construe the will so as to determine that the appellants should receive the gold and silver coins and gold bullion under Item Fourth of the will. A hearing was held on that petition on March 12, 1989. On June 2, 1989, the Commissioner denied the petition. The record does not disclose that the probate judge rejected or con-

---

1. The remaining ten percent of the residual estate was devised to the United Methodist Church in St. Louis.

firmed the June 2nd order of the Commissioner.

■ A commissioner possesses the powers and duties of a judge only where his actions have been either approved or rejected by the probate division. *Bridges v. Hurd*, 645 S.W.2d 377, 379 (Mo.App., S.D.1983). RSMo § 478.266 (1986) states:

> Subject to approval or rejection by the judge of the probate division, the commissioner shall have all the powers and duties of such judge; but the judge shall by order of record reject or confirm all orders, judgments and decrees of the commissioner within the time such judge could set aside such orders, judgments or decrees had the same been made by him; and if so confirmed such orders, judgments and decrees shall have the same effect as if made by the judge on the date of such confirmation.

Here, we have no record to support a finding the probate court confirmed the order of the commissioner of the probate court. The matter is, thus, pending in the probate court and no final appealable order has been entered.

Appeal dismissed and the case is remanded to the probate court for further proceedings.

REINHARD and CRIST, JJ., concur.