**In the Interest of R.M.M.**

**Angela Kay (Moyer) GLENN, Respondent,**

v.

**Leon MOYER, Appellant.**

**No. 19892.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 29, 1995.

Leon Moyer, pro se.

No appearance for respondent.

1. All references to statutes are to RSMo1994, and all references to rules are to Missouri Rules of

PER CURIAM.

This appeal involves the procedures of the Family Court pursuant to Chapter 487 and Child Protection Orders pursuant to §§ 455.500 et seq.[1] Pro se Appellant, Leon Moyer, appeals from a Full Order of Child Protection entered by a commissioner of the family court. Respondent has not filed a brief on this appeal.

The marriage of Appellant and Respondent was dissolved in 1988 by the Circuit Court of Stone County and custody of their only child, R.M.M., was apparently granted to Respondent. In 1989 the circuit court terminated Appellant's visitation privileges for reasons which do not appear on this record. At that time the court apparently indicated that Appellant was to seek counseling and could seek reinstatement of his visitation privileges after a period of 150 days, but he has failed to do so. In 1993 a child protection order was entered against Appellant which had apparently expired at the time of the order which is the subject of this appeal.

On September 13, 1994 the judge of the Greene County Family Court entered an Ex Parte Order of Child Protection at the request of Respondent in which Appellant was ordered "not to enter upon the premises of said child's school ... and ... not to contact or attempt to contact said child at such location or any other location." The ex parte order specified that a hearing would be held on September 28, 1994.

On September 20, 1994, however, Appellant filed a "Motion For Change of Judge" which was sustained by the judge and the case was reset for October 4, 1994. On that date a commissioner of the family court heard evidence and entered the Full Order of Child Protection which is the subject of this appeal. That order was to be effective until April 3, 1995.

At the conclusion of the hearing, after the commissioner announced that he was issuing a full order of protection, he informed Appellant that because the hearing had been held

Court, V.A.M.R.

before a commissioner, he was entitled, within fifteen days, to file a request "for a review of this hearing" by the family court judge. The docket sheet states that "Respondent [Appellant] advised and given notice in open court that he has the right to petition for new hearing to the family court Judge within 15 days." The Full Order of Child Protection signed by the commissioner was, however, issued that day to the "City and Sheriff dispatch in Springfield, MO."

On October 17, 1994, Appellant filed a "Motion For Hearing/New Trial" which stated that it was pursuant to § 487.030 [2] and requested that it be ruled by a judge of the family court. That motion, however, was overruled on October 28 by the same commissioner who had held the hearing and entered the Full Order of Child Protection.[3] On November 7, 1994, Appellant filed a notice of appeal from the Full Order of Child Protection.

■ Appellant's brief on this appeal violates several requirements of Rule 84.04. The statement of facts violates Rule 84.04(c) in that it is not a fair and concise statement of the facts relevant to the questions presented for determination without argument. Most of the points relied on are contrary to the requirements of Rule 84.04(d) that they state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. The points relied on are also to be followed with citations of authorities in support. In the instant case, some of the points contain no authorities and one refers to "Family Law volumne [sic] # 21, of Missouri Practice and Procedure." Points relied on which are in violation of Rule 84.04(d) preserve nothing for appellate review. *Blankenship v. Better Business Bureau*, 782 S.W.2d 131, 134 (Mo.App.E.D. 1989).

■ Additionally, one of Appellant's points complains about the ex parte order while the appeal is from the Full Order of Child Protection. Another point purports to appeal from denial of his motion for new trial, although denial of an after trial motion is not an appealable order. *See Roberts v. Roberts*, 800 S.W.2d 91, 93 (Mo.App.W.D. 1990). These and other deficiencies of the brief, including the failure to include any argument on five of his nine points relied on, would justify our dismissal of the entire appeal. It is not an excuse that Appellant is appearing pro se. *Hansen v. Missouri Real Estate Appraisers Com'n*, 875 S.W.2d 620, 621 (Mo.App.S.D.1994). As a result of these matters, we decline to review eight of Appellant's nine points of alleged error.

One of Appellant's points, however, although lacking in citation of authorities, sufficiently raises an issue which merits our review. In that point he contends that it was error for the commissioner to issue the full order of protection and argues that pursuant to § 487.030 the commissioner's findings and recommendations must be submitted to and adopted and confirmed by an order of the family court judge. This contention has merit.

2. Section 487.030 provides, in pertinent part:
1. Upon the conclusion of the hearing in each case the commissioner shall transmit to the judge all papers relating to the case, together with his findings and recommendations in writing. Notice of the findings of the commissioner, together with a statement relative to the right to file a motion for rehearing, shall be given to the parties whose case has been heard by the commissioner, and to any other person that the court may direct. This notice may be given at the hearing, or by certified mail or other service directed by the court.
2. The parties to a cause of action heard by a commissioner are entitled to file with the court a motion for a hearing by a judge of the family court within fifteen days after receiving notice of the findings of the commissioner....

The judge shall promptly rule on such motion and, in his discretion, may either sustain or deny the motion, and if the motion is sustained, the judge shall set a date for a hearing. If the motion is denied, or if no such motion is filed, the findings and recommendations of the commissioner shall become the decree of the court when adopted and confirmed by an order of the judge. The final order of the court shall, in any event, be proof of such adoption and confirmation and also of the fact that the matter was duly referred to the commissioner....

3. None of Appellant's points relied on alleges error because the commissioner ruled that motion.

Initially, we note that the full order of protection from which Appellant appeals expired on April 4, 1995. He apparently requested an extension of that order on April 3, 1995 as indicated by a supplement to the legal file. This was presumably for the purpose of maintaining a live issue for resolution on appeal.[4] Ordinarily, a party will not be heard to complain on appeal of alleged error which his own conduct creates. *See Philmon v. Baum*, 865 S.W.2d 771, 776 (Mo.App.W.D. 1993); *Reed v. Rope*, 817 S.W.2d 503, 509 (Mo.App.W.D.1991). In the instant case, however, the appeal is not from any such extension, but from the full order of protection. The fact that the full order of protection has expired making this issue otherwise moot does not necessarily preclude our review. An appellate court has discretion to decide moot appeals where an issue of public importance will likely recur. *Toll v. Toll*, 882 S.W.2d 290, 290–291 (Mo.App.W.D.1994). Because of the difficulty in obtaining appellate review of full orders of child protection prior to their expiration pursuant to § 455.516, and the likelihood that similar situations may recur in the future, we have concluded that this issue should be decided.

Section 487.080(7) provides that the family court has exclusive original jurisdiction to hear and determine child protection actions. Section 487.020.1 specifies that the function of a commissioner of the family court is to "hear family court cases and make findings." Section 487.030.1 provides that at the conclusion of a hearing, the commissioner "shall transmit to the judge all papers relating to the case, together with his findings and recommendations in writing." Section 487.030.2 provides that in cases heard by a commissioner, the parties are entitled to request a hearing of the case by a judge, and it specifically provides that if the judge denies that motion or if no such motion is filed "the findings and recommendations of the commissioner shall become the decree of the court when adopted and confirmed by an order of the judge." The legislature has thus clearly required that a "judge" as opposed to a "commissioner" enter such orders. The Full Order of Child Protection appealed from in the instant case was issued by the commissioner who was not empowered by the legislature to do so. There is no indication in the record before us that a judge of the family court entered an order adopting and confirming the findings and recommendations of the commissioner.

The issue remains as to what relief is appropriate. Appellant states in his brief that "this court is asked to find the full order of protection was improvidently issued, and to reverse and remand with instructions to get the *judge* of the family court to review and either sign the full order of protection, or otherwise dismiss it." The full order of protection issued by the commissioner on October 4, 1994 from which this appeal is taken has expired unless it could be considered as having been extended at Appellant's request on April 3, 1995. Appellant clearly intended that result when he sought and received the extension, although obviously on the wrong form, signed by the same commissioner who issued the full order of protection in October 1994. Accordingly, for the purposes of this appeal and under these particular facts, we consider that the full order of protection was extended.

For the reasons expressed in this opinion, we reverse the full order of protection and remand this case to the court for review by a judge of the family court as provided in § 487.030. Any different result would require legislative action.

---

4. We note that the extension of the full order of protection was apparently signed by the same commissioner who signed the full order from which Appellant appeals; that it was on a form entitled "Adult Abuse Order Extending Full Order Of Protection (Ex Parte)"; and in that form Appellant waived any hearing to determine if the ex parte extension should issue until a hearing could be held. Except to the extent that this extension indicates Appellant's intent that the full order of protection be extended, we express no opinion concerning its effect.