In re the MARRIAGE OF Sheila
D. McMILLIN and Robert
D. McMillin.

Sheila D. McMILLIN, Petitioner–
Respondent,

v.

Robert D. McMILLIN, Respondent–
Appellant,

Dwyla L. Deckard, Intervenor.

No. 19839.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 23, 1995.

Blythe H. Crist, Springfield, for appellant.

Deborah K. Dodge, Hall, Ansley, Rodgers & Condry, P.C., Springfield, for respondent.

PER CURIAM.

This is a dissolution of marriage action which was heard by a family court commissioner pursuant to the provisions of §§ 487.010–.190.[1] Appellant, Robert D. McMillin, alleges error concerning the division of property and the failure to comply with the procedural requirements of § 487.030.

The case was heard by a commissioner of the family court on July 25–26, 1994. On August 25, 1994, the commissioner entered a "Decree Of Dissolution Of Marriage." The family court judge signed an order on August 31, 1994 which purported to adopt and confirm all actions of the family court commissioner between August 1, 1994 and August 31, 1994. Appellant filed a timely motion for hearing by the family court judge on September 7, 1994, which was thereafter denied by the commissioner.

On this appeal, Appellant's third point concerns the failure to follow the procedures of § 487.030 relating to (1) the ruling of a motion requesting that the case be heard by the family court judge, and (2) the adoption and confirmation of recommendations of the commissioner by the judge of the family court. We have determined, however, that these matters also present an issue concerning the finality of the judgment and, therefore, our jurisdiction on appeal. "Regardless of whether the parties raise the issue, an appellate court must determine whether the judgment or order appealed from is final." *Estate of Sawade v. State,* 787 S.W.2d 286, 288 (Mo. banc 1990).

Section 487.030 provides, in pertinent part:

1. Upon the conclusion of the hearing in each case the commissioner shall transmit to the judge all papers relating to the case, together with his findings and recommendations in writing....

2. The parties to a cause of action heard by a commissioner are entitled to file with the court a motion for a hearing by a judge of the family court within fifteen days after receiving notice of the findings of the commissioner.... The judge shall promptly rule on such motion and, in his discretion, may either sustain or deny the motion, and if the motion is sustained, the judge shall set a date for a hearing. If the motion is denied, or if no such motion is filed, the findings and recommendations of the commissioner shall become the decree of the court when adopted and confirmed by an order of the judge. The final order of the court shall, in any event, be proof of such adoption and confirmation....

In the instant case, the "Decree" signed by the commissioner on August 25, 1994 was not effective as the judgment of the court. *See In re R.M.M.,* 902 S.W.2d 355, 358 (Mo.App.S.D.1995) (holding that a "judge" as opposed to a "commissioner" must enter orders which become the decree of the

---

1. All references to statutes are to RSMo 1994, and all references to rules are to Missouri Rules of Civil Procedure (1994).

court). The legal file presented with this appeal also contains a document entitled "Order Of Adoption And Confirmation Of All Matters Referred To The Commissioner" (Order) signed by the presiding judge of Greene County,[2] which states:

> Now on the 31st day of August, 1994, the Court does adopt and confirm all opinions, findings, recommendations, actions, orders and judgments of Winston G. Davis, Commissioner, made and entered by him from the 1st day of August, 1994, thru the 31st day of August, 1994, except for those cases wherein a motion for a rehearing by the Judge is pending.[3]

Section 487.030.2, however, authorizes the parties in a case heard by a "commissioner" to file "a motion for a hearing by a judge of the family court within fifteen days after receiving notice of the findings of the commissioner."[4] Although a copy of the motion is not filed with this court, the docket sheet contained in the legal file indicates that Appellant filed a timely "Motion For Rehearing" on September 7, 1994. The parties, in their briefs, treat this as a motion for a hearing by the judge pursuant to § 487.030.2. We will do the same.

Section 487.030.2 also provides that "[i]f the motion is denied ... the findings and recommendations of the commissioner shall become the decree of the court when adopted and confirmed by an order of the judge." The statute obviously contemplates that the parties must be given an opportunity to request a hearing by the family court judge, and such a motion must be ruled by the judge before the findings and recommendations of the commissioner may be adopted and confirmed and thereby become the decree of the court.

In the instant case, the Order was signed by the family court judge on August 31, 1994, six days after the commissioner's "Decree" was signed and seven days before Appellant filed a timely motion for a hearing before the judge. Additionally, although § 487.030.2 provides that the "judge" shall promptly rule such a motion, Appellant's motion for rehearing was denied on October 6, 1994 by the commissioner who heard the case and was never ruled by the family court judge. Respondent candidly admits this deviation from the requirements of § 487.030.2 in her brief.

Section 512.020 provides the statutory authorization for appeals from circuit courts in civil matters. "A prerequisite to appellate review is that there be a final judgment." *Committee for Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). In the absence of a final, appealable judgment, the appeal must be dismissed. *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo.App.E.D. 1993). An order entered in excess of the court's authority to do so is void. *In re Preston*, 898 S.W.2d 151, 153 (Mo.App.E.D. 1995). An appellate court acquires no jurisdiction on appeal from a void order or judgment except jurisdiction to determine the invalidity of the order or judgment appealed from and to dismiss the appeal. *Novak v. Akers*, 669 S.W.2d 644, 647 (Mo.App.S.D. 1984); *Ross v. Conco Quarry, Inc.*, 543 S.W.2d 568, 571 (Mo.App.S.D.1976).

*Bridges v. Hurd,* 645 S.W.2d 377 (Mo.App. W.D.1983), is instructive. In *Bridges*, a commissioner of the probate division of the circuit court heard evidence and entered a judgment in a suit seeking an adjudication of ownership of property. The appellate court noted that pursuant to § 478.266 a commis-

---

2. There apparently is no dispute that the presiding judge who signed the Order is also the family court judge.

3. This Order was apparently a "blanket" order in that it was not captioned in any particular case and seems to apply to all action taken by the commissioner in all cases between the dates referred to. Although the Order is included in the legal file before this court, it contains no filing stamp, and there is no indication that it was actually filed in the circuit court files of this case.

The docket sheet for this case contains no reference to any order of the family court judge adopting and confirming any findings and recommendations of the commissioner.

4. We assume, without deciding, that the "Decree" signed by the commissioner would suffice in this case as the findings and written recommendations referred to in § 487.030.1.

sioner possesses the powers and duties of a judge only when his actions have been either approved or rejected by the judge of the probate division; the judge of the probate division is required to reject or confirm the commissioner's actions within the time that he could set aside such orders, judgments or decrees had they been made by him; and there was nothing in the record of that case to indicate that the judge of the probate division either rejected or confirmed the commissioner's judgment. *Id.* at 379. The court, in holding that there was no final judgment, said:

> Since cases heard by the probate division commissioner result in a final judgment only if they are confirmed by the probate division judge within thirty days after the commissioner enters the judgment, and this requirement was not met in this case, there is no final judgment, and the appeal is therefore dismissed.

*Id. See also Norman v. Norman,* 792 S.W.2d 920, 921 (Mo.App.E.D.1990).

■ As a consequence of the procedural history of this case, the family court judge did not have authority to enter an order adopting and confirming the findings and recommendations of the commissioner without having ruled the timely motion for a hearing before the judge. Its Order purporting to do so was void.[5]

■ In the instant case, there remains for determination by the family court judge, pursuant to the provisions of § 487.030.2, the matter of Appellant's motion for a hearing by the judge and, if denied, whether the findings and recommendations of the commissioner

should be adopted and confirmed.[6] There is no "decree of the court" until the findings and recommendations of the commissioner are adopted and confirmed by an order of the judge in accordance with the provisions of § 487.030.2. In the instant case there is no final judgment.

Respondent filed two motions to dismiss this appeal which were taken with the case. Because we have determined that we have no jurisdiction over this appeal and must dismiss it because of the lack of a final judgment, those motions are denied as moot. *See Mullins v. Miller,* 796 S.W.2d 119, 121 (Mo. App.E.D.1990), n. 3. For the same reason, we do not reach the merits of Appellant's three points relied on.

The appeal is dismissed.

---

5. We do not decide whether the judge of the family court would have otherwise had authority to enter a "blanket" order such as the one entered here.

6. We also note that Dwyla Deckard was permitted to intervene in the instant case, claiming an interest in a corporation which the commissioner determined was marital property subject to division. The motion to intervene did not disclose the basis for Ms. Deckard's claim. Her attorney, however, participated in the trial, and the testimony indicated that she claimed to be entitled to a 40% interest in the corporation as the result of an alleged agreement with the parties to this appeal. The "Decree" signed by the commis-

sioner does not purport to dispose of any claims by the intervenor. Where more than one claim for relief is presented in an action, or when multiple parties are involved, the court may enter a judgment as to fewer than all of the claims or parties "only upon an express determination that there is no just reason for delay." Rule 74.01(b). We note that no such order was entered in the instant case. The absence of such an order, when less than all claims are resolved by a judgment, also generally results in there being no final, appealable order or judgment. *Ward v. Hentges,* 844 S.W.2d 471, 472 (Mo.App.W.D. 1992).