**Loubelle CLEMANS, Appellant,**

v.

**MERCANTILE BANK OF ST. LOUIS, N.A., as Personal Representative of the Estate of Frances C. Lambert, Respondent.**

No. 69772.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 14, 1997.

Robert J. Brummond and Lawrence S. Denk, St. Louis, for appellant.

Stuart Oelbaum, St. Louis, for respondent.

CRANDALL, Judge.

Claimant, Loubelle Clemans, appeals from the order of the Probate Division of the Circuit Court of the City of St. Louis which dismissed her claim against the Estate of Frances C. Lambert for failure to prosecute. We dismiss the appeal for lack of jurisdiction.

The record before us indicates that the Estate of Frances C. Lambert (Estate) was

opened on October 29, 1993, when the probate court granted letters testamentary, appointing Mercantile Bank of St. Louis (Mercantile) to serve as personal representative under independent administration without bond. On May 2, 1994, Claimant filed her claim against the Estate by and through her attorney, John L. Sullivan (counsel). The claim was for $46,900.00, which amount Claimant alleged represented the reasonable value of personal services rendered by her to Frances C. Lambert (decedent) from 1968 until decedent's death in August 1993.

In June 1995, Mercantile applied for a trial setting. The probate court scheduled a hearing for August 23, 1995. On August 23, Claimant moved for a continuance on the basis that counsel was involved in a jury trial in the St. Louis County Circuit Court on that date. A deputy commissioner for the probate court granted the continuance and stated in the memorandum; "Claimant shall not be granted any more continuances. Hearing shall be reset on application of either party."

On Mercantile's application, the hearing was reset for October 10, 1995. On a second application filed by Mercantile asserting that it had learned that Claimant's counsel would be "out of town" on October 10, the hearing was reset for October 18, 1995. On October 18, the Commissioner signed a memorandum which read in pertinent part: "On prior request of [counsel] for claimant, and by consent of claimant, claim continued and reset for hearing on Wednesday, November 29, 1995. . . ." Because counsel was dying of lung cancer, the cause was continued to allow time for counsel to withdraw from the case and for Claimant to retain a different attorney. Counsel died on November 5, 1995, without formally withdrawing from the case.

On November 29, 1995, Robert Brummond, a lawyer in counsel's office, appeared and orally moved for a continuance on the grounds that due to counsel's death the firm was withdrawing from the case and Claimant would require additional time to secure legal representation. Mercantile moved for a dismissal for Claimant's failure to prosecute. The Commissioner denied Claimant's motion for continuance and granted Mercantile's motion to dismiss. There is nothing in the record before us to indicate that the probate judge rejected or confirmed the November 29 order of the Commissioner dismissing the claim for failure to prosecute.

Claimant then filed a motion for rehearing which set forth the following facts: in September 1995, counsel was hospitalized "due to complications arising from chemotherapy treatment for lung cancer;" on October 18, 1995, counsel was unable to appear for the hearing "due to his illness;" counsel died on November 5, 1995, at which time Brummond assumed counsel's entire caseload; and finally, Brummond did not have sufficient time to prepare for the hearing on November 29. The Commissioner denied Claimant's motion for rehearing.

A commissioner possesses the powers and duties of a judge only where his actions have been either approved or rejected by the probate division. *Estate of Norman v. Norman,* 792 S.W.2d 920, 921 (Mo. App.1990). Section 478.266.1, RSMo(1994) states in relevant part:

> Subject to approval or rejection by the judge of the probate division, the commissioner shall have all the powers and duties of the judge. The judge shall by order of record reject or confirm all orders, judgments and decrees of the commissioner within the time the judge could set aside such orders, judgments or decrees had the same been made to him. If so confirmed, the orders, judgments and decrees shall have the same effect as if made by the judge on the date of their confirmation.

In the instant action, there is nothing in the record to indicate that the probate court confirmed the order of the commissioner of the probate court. The matter, therefore, remains pending in the probate court; and no final, appealable order has been entered.

Appeal dismissed and the cause is remanded to the probate court for further proceedings.[1]

AHRENS, C.J., and CHARLES B. BLACKMAR, Senior Judge, concur.

---

1. Were this court to consider this case on the merits, we note that the court's broad discretion in determining whether to dismiss an action for failure to prosecute is not unfettered. It is conceivable that within the last days of his terminal illness counsel's withdrawal from the case was not of the utmost importance to him. Further, an attorney from his office appeared at the November 29 hearing and requested a continuance to permit time for the firm to withdraw and for Claimant to secure different representation. Given our holding that the order dismissing the claim is a nullity, on remand it would be appropriate for the probate court to try the claim on the merits.