Robert ARNDT, d/b/a Arndt Cabinet Co., Inc., Plaintiff–Respondent,

v.

Shelly BEARDSLEY, Defendant–Appellant.

No. 24868.

Missouri Court of Appeals,
Southern District,
Division Two.

April 30, 2003.

William B. Gresham, Poplar Bluff, for Appellant.

Stephen P. Sokoloff, Kennett, for Respondent.

KENNETH W. SHRUM, Judge.

Robert Arndt ("Robert") sued Shelly Beardsley ("Defendant") for breach of contract and claimed $5,036.37 in damages. Defendant generally denied all allegations in the petition, and the case was tried to the court. During the bench trial, the court ordered a substitution of parties, namely, that Arndt Cabinet Company, Inc., be shown as party plaintiff. Ultimately, the court found for the corporate plaintiff ("Arndt Cabinet") and awarded it $2,518.18 in damages. Defendant urges reversal by claiming insufficient evidence was presented to support the judgment,

and the court erred in overruling her "real party in interest" objection. We affirm.

## STANDARD OF REVIEW

Because this is a court-tried case, we review pursuant to the well-known principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). *Real Estate Investors Four, Inc. v. Am. Design Group, Inc.*, 46 S.W.3d 51, 56 (Mo.App. 2001). We will affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* We review the evidence and all reasonable inferences in the light most favorable to the judgment and disregard all contrary evidence and inferences. *Sanders v. Insurance Co. of North America*, 42 S.W.3d 1, 8[3] (Mo.App.2000). Furthermore, we defer to the trial court's determination of witness credibility, and recognize that the court is free to accept or reject all, part, or none of the testimony presented. *Id.*

## FACTS

Arndt Cabinet initially agreed to build and install kitchen cabinets in Defendant's home. On July 4, 1999, after Defendant paid Arndt Cabinet $5,000 as a down payment on the kitchen cabinet project, she and Robert discussed additional work Defendant wanted done in her house. Specifically, she instructed Arndt Cabinet to build a linen pantry, television cabinet, commode cabinet, 96–inch vanity and frame, and a 60–inch vanity and frame. Approximately one month later, Robert went to Defendant's home and made the measurements for the additional work.

Based upon Robert's discussions with Defendant and the measurements taken, Robert prepared drawings of the proposed work. Moreover, he made written calculations of the cost for the additional work. The calculations were on the same page as the drawings. Both were shown to Defendant, and she agreed that the drawings reflected what she wanted built. On the documents thus prepared and presented to Defendant, Robert correctly listed the total cost of each item to be constructed. When adding the separate figures, however, he mistakenly left out two items so that the total job price as quoted was in error. Defendant agreed to Robert's proposals and prices.

After Defendant told Robert that the drawings reflected what she wanted, Arndt Cabinet constructed the items. The cost of the project increased, however, because Defendant asked that granite be used for the vanity tops rather than marble as originally planned.

On December 2, 1999, Robert installed the kitchen cabinetry, and Arndt Cabinet was paid in full for this work. On that same day, Robert installed the 60–inch vanity. As he tried to present Defendant with an invoice, however, and explain why the cost had increased, she refused to accept the invoice. At trial, Defendant testified she was "not agreeable to that change in price, that he [Robert] had never told [her] about that." When Robert attempted to show Defendant that he had mistakenly omitted two figures from the total project cost, she declared "she wouldn't pay that, and she'd just get them somewhere else." Thereon, Robert took the remaining items back to Arndt Cabinet's place of business.

Later, when this breach of contract suit was filed, the petition recited that "Robert Arndt, d/b/a Arndt Cabinet Company" was the plaintiff. At trial, however, Robert testified his business was a corporation, and he was the sole stockholder thereof. Initially, this evidence came in without objection. Later, as Robert began testifying about the contract between Arndt Cabinet

and Defendant, Defendant objected that "the real party [in] interest has not been named as a Plaintiff" and "the good standing [of] the corporation has not been properly proven." In response, Arndt Cabinet's lawyer argued, *inter alia*, that "[t]he evidence without objection was that the corporation is in good standing and ... it would be ... Plaintiff's ... position ... that the ... pleadings would be amended to conform with the evidence as presented." After hearing further argument on the issue, the court announced "[s]o ordered, and the objection will be overruled."

The trial court entered judgment for the plaintiff, and this appeal followed.[1]

### Point III: Sufficiency of Evidence to Support Contract Formation [2]

■ For her third point on appeal, Defendant alleges the court erred in entering judgment for Arndt Cabinet because the evidence was insufficient to support the existence of a valid and enforceable contract. Specifically, Defendant claims "there was no meeting of the minds between [Robert as corporate agent] and Defendant as to the value of goods and services to be provided." We disagree.

■ The essential elements of a contract are: (1) competency of the parties to contract; (2) proper subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation. *Baris v. Layton*, 43 S.W.3d 390, 396[13] (Mo.App.2001). As stated previously, we view the evidence in the light most favorable to the judgment, presume this evidence is true, and give Robert the benefit of all reasonable and favorable inferences to be drawn from the evidence while *disre-*

*garding* all contrary evidence and inferences. *Sanders*, 42 S.W.3d at 8[3].

■ Here, Defendant only claims that there was no mutuality of agreement. The term "mutuality of agreement" implies a mutuality of assent by the parties to the terms of the contract, i.e., a meeting of the minds. *White v. Pruiett*, 39 S.W.3d 857, 862[7] (Mo.App.2001). Negotiations or preliminary steps toward a contract do not themselves constitute a contract. *L.B. v. State Comm. of Psychologists*, 912 S.W.2d 611, 617[9] (Mo.App.1995). In determining whether there has been mutuality of agreement, a court looks to the intentions of the parties as expressed or manifested in their words or acts. *Id.* at 617[10]. Contract formation depends on what is actually said and done, not upon the understanding or supposition of one of the parties. *White*, 39 S.W.3d at 862[8]. It is for the trial court to determine the credibility of the witnesses and evaluate that evidence. *Sanders*, 42 S.W.3d at 8.

In July of 1999, Defendant hired Arndt Cabinet to construct cabinetry for her kitchen, paid $5,000 as down payment, and discussed additional work. One month later, Robert came back to make measurements for this additional work. Robert provided sketches indicating what he proposed to construct which showed the price of *each of the items*. Defendant agreed. Although Robert made an error in calculating the total, Defendant *knew* the price of each item and *agreed* to pay Robert such price. Arndt Cabinet constructed all of the items as instructed by Defendant, but she did not pay for such work. In fact, Defendant accepted part of the work, i.e., the 60-inch vanity. This evidence abundantly supports the finding that a

---

1. The judgment denominates "Robert Arndt, d/b/a Arndt Cabinet Co., Inc." as party plaintiff.

2. For ease of discussion, we address Defendant's points in reverse order.

contract existed between Arndt Cabinet and Defendant, and she breached such contract. Although Defendant testified differently, any conflicts in the evidence were for the trial court to resolve, and this court will not disturb such ruling on appeal. *Id.* Point denied.

### Point II: Sufficiency of the Evidence to Support Damage Award

For her second point on appeal, Defendant alleges "that the award of damages is unsupported by the evidence, and is based upon speculation and conjecture as to the amount of damages." Defendant argues there was no "evidence of damages in the amount of $2,518.18.... Interestingly, the damages awarded by the court are exactly one-half of the amount prayed for by [Arndt Cabinet], an amount which could have been arrived at only by sheer guess work and speculation." Defendant is correct that this amount was half of the amount prayed for, but she is incorrect that this constitutes reversible error.

It is elementary that error without prejudice is not grounds for reversal. *Neavill v. Klemp,* 427 S.W.2d 446, 448[9] (Mo.1968). An appellate court shall not reverse a judgment unless it finds error committed by the trial court "against the appellant" which materially affects the merits of the action. *Rule 84.13(b); Taylor v. Taylor,* 908 S.W.2d 361, 363 (Mo. App.1995). It is clear that the error must adversely affect the *complaining party. Gage v. Morse,* 933 S.W.2d 410, 421[13] (Mo.App.1996).

Defendant has not been affected negatively by the judgment awarding only $2,518.18. This follows because the evidence supported an award of $5,036.37, i.e., double that actually awarded. This was not a case wherein the prices were disput-

ed. Defendant claimed she owed nothing, i.e., no contract was formed. Because the trial court obviously believed Robert and disbelieved Defendant, the court should have awarded Arndt Cabinet the full amount sought. Inferably, the court reasoned that the company could resell the items although Robert claimed it would be "very hard" to do so because they were specially built for Defendant's home. Whatever the reasoning, the judgment should have awarded $5,036.37 because this was the only amount supported by the evidence. Because the judgment awarded only half of the amount proven, Defendant cannot prove she has been prejudiced in any fashion. Consequently, there is no reversible error.[3] *Gage,* 933 S.W.2d at 420; *Taylor,* 908 S.W.2d at 363. Point denied.

### Point I: Real Party in Interest

Under her first point, Defendant maintains the trial court erred when it overruled her objection "to the Plaintiff's capacity to bring suit in that this action was brought in the name of an individual when, in fact, the real party in interest was a corporation."

In Missouri, every civil action must be prosecuted in the name of the real party in interest. Rule 52.01; § 507.010. However, "[m]isjoinder of parties is not ground for dismissal of an action. Parties may be ... added by order of the court on motion of any party or of its own initiative at any stage of the action...." Rule 52.06; § 507.050. An amendment to a petition " 'is within the sound discretion of the trial judge and should be done liberally.' " *Carroll v. Oak Hall Associates, L.P.,* 898 S.W.2d 603, 605[2] (Mo.App.1995) (citation omitted). We will not disturb a trial judge's ruling that permits amendment to

---

3. Plaintiff has not complained on appeal that the award was unsupported by the evidence.

pleadings to conform to the evidence unless there is an obvious and palpable abuse of discretion. *Pace Properties, Inc. v. American Mfrs. Mut. Ins. Co.*, 918 S.W.2d 883, 888[10] (Mo.App.1996).

Here, trial court did not abuse its considerable discretion by allowing the pleadings to be amended to conform to the evidence, i.e., naming Arndt Cabinet Co., Inc., as party plaintiff. Because the amended pleadings were sufficient to advise Defendant of the nature of the action and sufficed to bar another suit against Defendant on the subject contract, *see Pemiscot County Mem'l Hosp. v. Bell*, 770 S.W.2d 499, 502 (Mo.App.1989), we cannot detect how Defendant was prejudiced by the amendment. Moreover, Defendant has certainly failed to demonstrate that prejudice resulted therefrom; consequently, her argument fails. Point denied.[4]

The judgment of the trial court, as amended, is affirmed.

PREWITT, P.J., and PARRISH, J., concurs.

---

4. Naming *Robert Arndt,* d/b/a Arndt Cabinet Co., Inc., as party plaintiff in the caption of the judgment is inconsistent with what the trial court ordered in response to Defendant's "real party in interest" objection. Because Rule 84.14 permits us to do so, we have entered the judgment the trial court should have given, that is, naming only *Arndt Cabinet Co., Inc.*, as party plaintiff.