Treefon J. SIAMPOS, Plaintiff/Appellant,

v.

BLUE CROSS AND BLUE SHIELD OF MISSOURI, Defendant/Respondent.

No. 64213.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 22, 1994.

Treefon J. Siampos, pro se.

Mark B. Johnston and Patricia A. Hart, St. Louis, for defendant/respondent.

AHRENS, Judge.

Plaintiff appeals from an order entered by the trial court on its own motion dismissing without prejudice plaintiff's request for a trial de novo for lack of subject matter jurisdiction. We affirm.

Plaintiff is an employee of the United States Government. His health benefits are provided through the Federal Employee Health Benefits Program, a program administered by the United States Government's Office of Personnel Management (OPM) which uses defendant, among other carriers, as its agent in administering the program.

On October 15, 1991, plaintiff received care at Christian Hospital Northeast. He then received fewer benefits than he believed he was entitled to under his plan. Plaintiff appealed this determination to the OPM, which affirmed the claim determination.

Plaintiff next filed a complaint against defendant in the small claims court of the 22nd Judicial Circuit. The court found in favor of defendant. Plaintiff then filed an application for trial de novo and the cause was set for trial.

Prior to trial, the trial court, on its own motion, dismissed plaintiff's cause without prejudice. Based on plaintiff's representation that his claim was an action to seek judicial review of the administrative action of OPM, the trial court found that the small claims court was without jurisdiction to judicially review an administrative action of the OPM. The trial court also found that, since the small claims court lacked jurisdiction over the cause, it was without jurisdiction to hear the case as a trial de novo from the small claims court.

Plaintiff's sole point on appeal is that the trial court erred in dismissing his action due to lack of subject matter jurisdiction. We affirm.

The question in this case is whether the trial court, acting on an application for a trial de novo from the small claims court, has jurisdiction to review a decision of the OPM concerning a denial of benefits under the Federal Employee Health Benefit Program.

■ According to the Administrative Procedure and Review Act, petitions for judicial review of administrative decisions are to be filed in the circuit court of the county of proper venue. § 536.110 RSMo 1986. "A court which is not statutorily vested with review authority lacks subject matter jurisdiction." *Collins & Assoc. v. Labor and Indus. Relations Comm'n,* 724 S.W.2d 243, 245 (Mo. banc 1987). Small claims courts derive their jurisdiction from § 482.305, RSMo 1987, which reads:

When sitting as a small claims court, the judge shall have original jurisdiction of all civil cases, whether tort or contract, where the amount in controversy does not exceed one thousand five hundred dollars, exclusive of interest or costs, or as provided herein.

It is evident from the language of the statute that a small claims court is not statutorily vested with review authority. It therefore lacks subject matter jurisdiction to review an administrative decision. "The only recourse of a court which lacks subject matter jurisdiction of a cause is dismissal of the cause." *Collins,* 724 S.W.2d at 245.

■ Appellant concedes in his brief on appeal that he "chose to exercise his right to judicial review of OPM's decision by filing suit in small claims." In his reply brief, appellant attempts to characterize his suit as a contract action rather than an action for judicial review of the OPM decision and therefore the small claims court had jurisdiction over the case. However, appellant's action was authorized under Title 5 U.S.C. § 704 which provides: "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review...." The fact that the OPM reached a final decision in the case renders all further action a judicial review of the OPM decision. § 536.-140 RSMo 1986. Appellant is furthermore bound by his concession in the trial court and on appeal that his action was for judicial review of the administrative decision.

We find that the small claims court lacked subject matter jurisdiction over this cause and the trial court similarly lacked jurisdiction to hear the case as a trial de novo from the small claims court. The trial court did not err in dismissing the cause without prejudice for lack of jurisdiction.

■ Respondent filed a motion to dismiss the appeal claiming this dismissal without prejudice was not a final judgment. "A dismissal without prejudice permits the party

to bring another civil action for the same cause, unless the civil action is otherwise barred." Rule 67.03. The general rule is that a dismissal without prejudice is not a final judgment. "[W]ith exceptions ... a dismissal without prejudice is not an adjudication on the merits." *Mahoney v. Doerhoff Surgical Services,* 807 S.W.2d 503, 506 (Mo. banc 1991). However, "[w]hen the effect of the order is to dismiss the plaintiff's action and not the pleading merely, then the judgment entered is final and appealable." *Id.* In the present case, the effect of the court's order of dismissal was to dismiss plaintiff's action, and not merely the pleading. We find the judgment of dismissal to be final and appealable. Respondent's motion to dismiss the appeal is denied.

The judgment is affirmed.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.