David G. WALTRIP, Plaintiff/Appellant,

v.

Lisa Ann DAVIS, Defendant/Respondent.

No. 67069.

Missouri Court of Appeals, Eastern District, Division One.

May 30, 1995.

David G. Waltrip, Clayton, for appellant.

William J. Fleischaker, Joplin, for respondent.

CRAHAN, Judge.

David G. Waltrip ("Plaintiff") appeals the trial court's order dismissing his petition against Lisa Ann Davis ("Defendant") seeking attorney fees for services rendered. We dismiss the appeal for lack of a final, appealable judgment.

On June 10, 1994, Plaintiff filed a breach of contract action against Defendant in the Circuit Court of St. Louis County. Defendant entered a special appearance challenging personal jurisdiction and venue. Defendant maintained the petition was insufficient to establish proper venue over Defendant, and urged that proper venue is a requirement for personal jurisdiction.[1] On September 6, 1994, the court sustained Defendant's motion to dismiss for lack of personal jurisdiction and dismissed Plaintiff's petition without prejudice. Plaintiff sought a writ of prohibition, which was denied. This appeal followed.

■ In his sole point on appeal, Plaintiff alleges the court erred in dismissing the petition for lack of personal jurisdiction and venue. Defendant asserts that we must dismiss the appeal because the trial court's dismissal was without prejudice and therefore is not a final judgment. We agree.

■ The trial court here specifically dismissed the petition "without prejudice." The general rule is well-established that a dismissal without prejudice is not a final judgment. *Siampos v. Blue Cross and Blue Shield*, 870 S.W.2d 499, 500–01 (Mo.App. 1994). A dismissal without prejudice is generally not an adjudication on the merits and permits the party to re-file the action, unless otherwise barred. *Id. See also* Rule 67.03. Plaintiff concedes that there is nothing preventing him from refiling his petition. No appeal will lie when there is no final judgment rendered.[2] We therefore grant Defendant's motion to dismiss the appeal. Costs are assessed against Appellant.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.

---

1. In *Richardson v. Richardson*, 892 S.W.2d 753, 755 (Mo.App.1994), decided December 27, 1994, we held that proper venue is no longer a prerequisite to personal jurisdiction in Missouri. *See also State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 822 (Mo. banc 1994).

2. In his reply brief, Plaintiff attempts to deny it is the dismissal of the petition from which he is appealing and claims instead he is appealing the denial of the writ of prohibition. Disregarding the fact that such a claim was never preserved in the notice of appeal or point relied on, there is absolutely no merit to such a claim. The denial of a writ is not an appealable order. The only recourse for the denial of a preliminary writ by this court is to file a new, original writ in the Missouri Supreme Court.