Louis Timothy **WHITE,**
**Plaintiff/Appellant,**

v.

**Stephanie A. PRUNEAU,**
**Defendant/Respondent.**

**No. 67803.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 23, 1996.

Louis Timothy White, Festus, pro se.

Clinton B. Roberts & Gary G. Matheny, Roberts & Roberts, Farmington, for Respondent.

CRANDALL, Judge.

Plaintiff, Louis Timothy White, appeals the dismissal of his action for bodily injuries against defendant, Stephanie A. Pruneau. We dismiss the appeal.

Plaintiff brought this action seeking damages for bodily injuries resulting from a motor vehicle accident. The trial court granted defendant's motion for sanctions against plaintiff for failing to attend his scheduled depositions. The court dismissed plaintiff's petition without prejudice and assessed attorney fees, court reporter fees and court costs against plaintiff. This appeal followed.

Though not raised by the parties, we are obligated to notice, *sua sponte*, matters preventing us from obtaining jurisdiction. *Committee for Educ. Equality v. State*, 878 S.W.2d 446, 451 (Mo. banc 1994). Here, the trial court specifically dismissed the petition "without prejudice." The well-established rule is that a dismissal without prejudice is not a final judgment. *Waltrip v. Davis*, 899 S.W.2d 147, 148 (Mo.App.E.D. 1995). Generally, a dismissal without prejudice is not an adjudication on the merits. *Id.* Unless otherwise barred, such a dismissal allows the party to re-file the action. *Id.* *See also* Rule 67.03. No appeal will lie when there is no final judgment entered. *Waltrip v. Davis*, 899 S.W.2d at 148.

We therefore dismiss the appeal.

CRAHAN, P.J. and DOWD, J., concur.