**George L. VERNOR, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, State of Missouri, Respondent.**

**No. WD 52457.**

Missouri Court of Appeals, Western District.

Oct. 8, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 26, 1996.

George Lee Vernor, appellant pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, for respondent.

SPINDEN, Judge.

On August 7, 1995, prison inmate George L. Vernor filed a petition for declaratory

judgment seeking the circuit court's declaration that the Missouri Board of Probation and Parole's extension of his conditional release date was illegal and void. He was serving a sentence at the Central Missouri Correctional Center in Jefferson City for possession of "burglar's tools."

On January 9, 1996, the circuit court clerk sent Vernor a letter notifying him that the circuit court had set the "matter for a status review and/or dismissal at 1 o'clock p.m. January 6, 1996 or as soon thereafter as the matter may be heard." The circuit court dismissed Vernor's petition for declaratory judgment for failure to prosecute on January 26, 1996. Vernor appeals.

■ We dismiss Vernor's appeal because the circuit court's dismissal does not constitute a final and appealable order. Rule 67.03 says, "Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." In this case, the circuit court did not indicate that the dismissal was with prejudice.

■ In a case of a dismissal without prejudice, a plaintiff typically can cure the dismissal by filing another suit in the same court; hence, a dismissal without prejudice is not a final judgment for purposes of appeal. *Wilson v. Unistrut Service Company of St. Louis, Inc.*, 858 S.W.2d 729, 731 (Mo.App. 1993). In most instances, a dismissal without prejudice does not constitute an adjudication on the merits. *Siampos v. Blue Cross and Blue Shield of Missouri*, 870 S.W.2d 499, 501 (Mo.App.1994). In this case, nothing prevents Vernor from filing his petition again and in pursuing a judgment on the merits, so we conclude that this suit is not ripe for appeal at this time. The case is dismissed.

ULRICH, P.J, C.J., and EDWIN H. SMITH, J. concur.