**Lee Allen MARTIN, Appellant Pro Se,**

v.

**DEPARTMENT OF REVENUE, et al., Respondents.**

**No. WD 61674.**

Missouri Court of Appeals, Western District.

May 20, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 2003.

Lee Allen Martin, West Plains, pro se.

Keith D. Halcomb, Assistant Attorney General, Jefferson City, for respondents.

Before JOSEPH M. ELLIS, Chief Judge, RONALD R. HOLLIGER, Judge and JAMES M. SMART, JR., Judge.

JOSEPH M. ELLIS, Chief Judge.

Appellant Lee Allen Martin, acting *pro se*, appeals from the Circuit Court of Cole County's dismissal of his petition for declaratory judgment in which he alleged that Respondents the Missouri Department of Revenue, the Director of Revenue, and the Custodian of Records for the Department of Revenue had violated various provisions of the Missouri Sunshine Act, § 610.010 et seq.[1] For the following reasons, we dismiss the appeal.

On May 17, 2001, Appellant filed his *pro se* petition for declaratory judgment. Subsequently, Respondents sought to take Appellant's deposition and sent him a notice of deposition for May 21, 2002. Appellant filed a motion to suppress the notice of deposition. Upon hearing that motion, the trial court denied it and ordered Appellant to appear at the appointed time and place for the purpose of having his deposition taken.

On May 21, 2002, Appellant, attorneys for Respondents, and a court reporter,

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

Debbi Sonntag, appeared at the appointed place for the deposition. Before the deposition could be commenced, Appellant began questioning Ms. Sonntag's qualifications, ethics, and abilities. When the court reporter and Respondents' counsel attempted to have Appellant take his oath and be sworn in, Appellant repeatedly challenged the authority of Ms. Sonntag to administer such an oath and refused to be sworn in.[2] Eventually, Appellant's criticism of Ms. Sonntag and challenges to her ability caused her to burst into tears and leave the room. After Respondents' counsel convinced the court reporter to return to the room, Appellant again refused to be sworn in. At that point, Respondent's counsel told Appellant that, unless he agreed to cooperate in the deposition, he was going to end the deposition and file for sanctions. When Appellant failed to cooperate, Respondents' counsel ended the deposition.

Subsequently, Respondents filed a motion for discovery sanctions against Appellant. After hearing Respondents' motion on June 19, 2002, the trial court entered its order granting Respondents' motion, dismissing Appellant's petition without prejudice, and assessing the costs of the proceeding and the costs associated with the attempted deposition against Appellant. Appellant appeals from that order.

Although the issue is not raised by the parties to this appeal, this court is obliged to consider, *sua sponte*, issues related to the jurisdiction of this court. *White v. Pruneau*, 913 S.W.2d 959, 959 (Mo.App. E.D.1996). In this action, the trial court dismissed Appellant's petition without prejudice.[3] As a general rule, " 'a dismissal without prejudice is not a final judgment and, therefore, is not appealable.' " *Duvall v. Lawrence*, 86 S.W.3d 74, 82 (Mo. App. E.D.2002) (quoting *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997)). As none of the recognized exceptions to this general rule are applicable to the case at bar, the trial court's order does not constitute a final judgment for purposes of appeal. *White*, 913 S.W.2d at 959. "In the absence of a final judgment, this Court lacks appellate jurisdiction, and the appeal must be dismissed." *Boatright v. Boatright*, 91 S.W.3d 753, 754 (Mo.App. S.D.2002).

We therefore dismiss the appeal.

All concur.

---

**2.** Appellant's primary objection appears to have related to the inability of the court reporter to recite her oath of office to him on his demand.

**3.** The docket entry is labeled as a dismissal without prejudice. Furthermore, the language of the docket entry does not reflect otherwise, and therefore, the dismissal must be deemed to have been without prejudice. *Masonic Temple Ass'n of St. Louis v. Society for the Pres. of Masonic Temple*, 70 S.W.3d 24, 26 (Mo.App. E.D.2002).