Kevin P. MILLER, Plaintiff/Appellant,

v.

CITY OF ST. LOUIS,
Defendant/Respondent.

No. ED 83791.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 13, 2004.

Rehearing Denied April 1, 2004.

Kevin Patrick Miller, Ballwin, pro se.

City of St. Louis, City Counsel's Office, St. Louis, pro se.

SHERRI B. SULLIVAN, Chief Judge.

Kevin Miller (Appellant) appeals from the trial court's judgment dismissing his petition without prejudice for failure to state a claim. Because we find Appellant's appeal to this Court is untimely, we dismiss the appeal.

Appellant filed a petition for damages against the City of St. Louis (Respondent). On July 30, 2003, the trial court granted Respondent's motion to dismiss and dismissed the petition without prejudice for failure to state a claim. Appellant filed a timely motion for rehearing, which the trial court treated as an authorized after-trial motion under Rule 78.04.[1] The court denied Appellant's motion for rehearing and Appellant appealed to this Court.

Respondent has filed a motion to dismiss Appellant's appeal because his notice of appeal to this Court was untimely. Appellant has not filed a response to the motion.

Initially, we note that the dismissal was without prejudice. Generally, a dismissal without prejudice is not a final, appealable judgment. *Siampos v. Blue Cross and Blue Shield*, 870 S.W.2d 499, 501 (Mo.App. E.D.1994). However, Appel-

---

1. All rule references are to Mo. R. Civ. P. 2003, unless otherwise indicated.

lant's petition was dismissed for failure to state a claim. When a petition is dismissed without prejudice for failure to state a claim and the party elects not to plead further, a determination that the plaintiff has no cause of action has occurred. *Mahoney v. Doerhoff Surgical Services*, 807 S.W.2d 503, 506 (Mo. banc 1991). This situation is an adjudication on the merits and the judgment may be appealed. *State ex rel. State of Illinois v. Jones*, 920 S.W.2d 116, 117 (Mo.App. E.D. 1996). Therefore, the trial court's judgment was appealable.

However, under Rule 81.04(a), the notice of appeal must be filed no later than 10 days after the judgment becomes final. If a party timely files an authorized after-trial motion, the judgment becomes final at the expiration of ninety (90) days after the filing of the motion or, if such motion is passed on at an earlier date, at the later of: (1) thirty (30) days after the entry of judgment; or (2) disposition of the motion. Rule 81.05(a).

Here, the judgment was entered on July 30, 2003. The trial court denied the after-trial motion on October 9, 2003. Accordingly, the judgment was final on October 9, 2003. Rule 81.05(a)(2)(B). Under Rule 81.04(a), Appellant's notice of appeal was due ten days after the judgment became final. Therefore, the notice of appeal was due on Monday, October 20, 2003. Rule 81.04(a); Rule 44.01(a).

Appellant filed a notice of appeal, which is file-stamped on November 17, 2003 and November 24, 2003. Either date is clearly untimely under Rule 81.04(b). Our jurisdiction depends on the timely filing of a notice of appeal and lacking that our only permissible action is to dismiss the appeal. *Moore ex rel. Moore v. Bi-State Dev. Agency*, 87 S.W.3d 279, 296 (Mo.App. E.D.2002). Therefore, we cannot review the merits of Appellant's appeal and can only dismiss his untimely appeal.

We grant Respondent's motion to dismiss and dismiss Appellant's appeal.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.