**Fred G. FENSOM, Appellant,**

v.

**Gary KEMPKER, Respondent.**

**No. WD 63866.**

Missouri Court of Appeals,
Western District.

Dec. 14, 2004.

Appellant pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Deborah Daniels, Asst. Attorney General, joins on the briefs, Jefferson City, for Respondent.

Before JAMES M. SMART, JR., P.J., JOSEPH M. ELLIS, and LISA WHITE HARDWICK, JJ.

---

PER CURIAM.

Fred G. Fensom appeals the motion court's order and judgment dismissing his declaratory judgment action as moot. The dismissal does not constitute a final, appealable judgment. Because we lack jurisdiction, we dismiss Fensom's appeal.

## The Declaratory Judgment Action

Fred Fensom pleaded guilty to one count of forgery, § 570.090.1(1), RSMo. 2000.[1] His motion to withdraw his guilty plea was denied. This court dismissed his appeal of that ruling on March 5, 2002. *State v. Fensom*, 69 S.W.3d 550 (Mo.App. 2002). On April 18, 2002, the circuit court sentenced Fensom to four years in prison. Fensom was free on an appeal bond until his appeal was denied by this court. *State v. Fensom*, 103 S.W.3d 835 (Mo.App.2003). He began serving his sentence with the Department of Corrections on June 5, 2003.

The Department of Corrections has determined, pursuant to § 558.019.2(1), that Fensom must serve forty percent of his four-year sentence before being eligible for parole, due to a prior prison commitment. Fensom contends that this determination is in error. According to Fensom, the prior commitment was based on a 1978 conviction that resulted in a five-year sentence. The execution of that sentence was suspended, Fensom says, and he was placed on probation. Later, his probation was revoked, and the sentence was executed. Eventually, the revocation was reversed and the sentence vacated via a Rule 27.26 motion. Fensom was returned to probation status, and the prior commitment was rendered a nullity.

On November 3, 2003, Fensom filed a petition for declaratory judgment in the Cole County Circuit Court, seeking a declaration that he was already eligible for parole consideration. Fensom argued in his petition that the Department of Corrections acted improperly by deeming him ineligible for parole under § 558.019.2(1), because the probation revocation that resulted in his earlier prison commitment was eventually reversed.

On December 18, 2003, Respondent Kempker filed a motion to dismiss Fensom's petition as moot. Respondent argued, based upon the allegations in the petition, that the appellant "appear[ed] eligible for parole consideration" already because he had served forty percent of his sentence. Thus, argued Kempker, Fensom already had the relief he wanted: eligibility to be considered for parole.

In January 2004, the circuit court entered an order and judgment dismissing Fensom's petition as moot, based on the belief that he had already served forty percent of his sentence.[2] Fensom now appeals the dismissal to this court. He contends that the circuit court erred in determining that the petition was moot, because he has not served forty percent of his sentence, according to Department of Corrections calculations. The time during which Fensom was free on appeal bond does not count toward his time served in

---

1. All statutory references are to Revised Statutes of Missouri, 2000, unless otherwise noted.

2. The petition appeared to show that Fensom has been incarcerated since April 18, 2002 (his sentencing date), because that is the date he refers to in the petition. In Fensom's response to the motion to dismiss, he argued that this is incorrect, because the "Department of Corrections is not recognizing the sentence start date due to the time spent on appeal bond...." Fensom, however, failed to include the "sentence start date" in either pleading. Thus, even if this matter were reviewable, it is difficult to see how we could convict the trial court of error for its action in dismissing the case.

calculating eligibility for parole. Because he did not actually begin serving his prison sentence until June 5, 2003, he says, he has not served forty percent. Thus, he argues, the court erred in dismissing his petition as moot.

### Lack of Jurisdiction

 This court has a duty to determine, *sua sponte,* whether we have jurisdiction to consider this appeal. *See Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997).

"Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." Rule 67.03. Here, the court's judgment does not specify that the dismissal was with prejudice. In most instances, a dismissal without prejudice does not constitute an adjudication on the merits. *Vernor v. Mo. Bd. of Prob. & Parole,* 934 S.W.2d 13, 14 (Mo.App.1996). The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable. *Chromalloy,* 955 S.W.2d at 3.

Where a petition is dismissed without prejudice, the plaintiff typically can cure the dismissal by filing another suit in the same court; thus, a dismissal without prejudice generally is not a final judgment for purposes of appeal. *Vernor,* 934 S.W.2d at 14. Pursuant to Rule 67.01, a dismissal with prejudice would bar the assertion of the same cause of action against the same party, but a dismissal *without* prejudice permits the party to bring another civil action for the same cause, unless it is otherwise barred.

Here, the dismissal of Fensom's claim, as we noted *supra,* was due to his failure to properly plead all the particulars of his claim. He failed to supply the trial court with the information necessary to show that the matter was not moot. Accordingly, if he had filed a new action, this time pleading all necessary information, presumably he would have been allowed to proceed to the merits. Even now, although substantial time has been lost through the pendency of this appeal, we know of nothing that will prevent the appellant from filing his petition again and pursuing a judgment on the merits. We conclude that there is no final judgment in this matter because the dismissal was without prejudice.

### Conclusion

Because the circuit court's dismissal of Fensom's petition does not constitute a final, appealable judgment, we conclude that we do not have jurisdiction. The appeal is dismissed.