R.T. CROW, Plaintiff-Respondent,

v.

Garland H. BERTRAM,
Defendant-Appellant.

No. 47860.

Missouri Court of Appeals,
Eastern District,
Division Eight.

Nov. 13, 1984.

Samuel C. Ebling, St. Louis, for defendant-appellant.

David B. Rogers, Columbia, for plaintiff-respondent.

WILLIAM E. TURNAGE, Special Judge.

R.T. Crow filed suit against Garland H. Bertram in three counts. The first count was for specific performance of a real estate contract, the second count was in the alternative for damages for breach of the contract, and count three was in the alternative concerning the down payment paid by Crow, and also named Warren G. See, a real estate broker. The trial court entered judgment on all three counts. Crow contends that the judgment is not final and is thus not appealable. Appeal dismissed.

The court entered judgment in favor of Crow and against Bertram on the specific performance count. However, the judgment stated:

> [T]hat because of the lapse of time herein, the exact details of fair and equitable performance of said contract shall, in the first instance, be left to the plaintiff and defendant Bertram to accomplish by agreement on or before the 1st day of December, 1983, by which time the parties are hereby ordered to report back to the Court relative to their compliance with this Order, and should the parties fail to have agreed upon fair and equitable compliance with this Order of Specific Performance, each party is hereby ordered by that date to present to the Court a detailed proposal for compliance with this Order of Specific Performance, and the Court will, on that date, set a hearing to take evidence upon the question of appropriate compliance therewith.

The judgment also disposed of counts two and three.

Crow has filed a motion to dismiss the appeal in which he contends that the trial court's judgment is not final because it orders the parties to work out the details of specific performance, and requires further court action before the specific performance judgment becomes final.

In order for a judgment to be final and appealable it must dispose of all parties and all issues and leave nothing for the court's later determination. *Gaa v. Edwards,* 626 S.W.2d 685, 686[1] (Mo.App. 1981).

Here, the trial court's judgment is not final because its grant of specific performance depends upon the parties' agreement as to the details of the contract's performance. The court has indicated only that specific performance will be granted at some future time, and then only when the parties agree on the details of specific performance. If the parties could not reach an agreement, the court would hold another hearing. The trial court's judgment obviously fails to dispose of all issues and the court has thus not finally disposed of this litigation.

The court indicated in its judgment that it retained jurisdiction of the cause to determine appropriate compliance with the specific performance decree. However, the court stated that notwith-

standing its retention of jurisdiction, it denominated the decree as a final judgment for purposes of appeal. This designation is wholly lacking in effect because the trial court cannot make a judgment final which is not, in fact, final. *Daniels v. Richardson*, 665 S.W.2d 76, 77 (Mo.App.1984).

Bertram contends that the court declared specific performance but failed to specifically identify the performance commanded. He contends that the judgment is final as to the fact of performance, but that the terms and conditions of performance are vague and uncertain. Thus, he argues, the judgment is appealable because it is final but is erroneous because it is vague and indefinite. Bertram is correct that the judgment does not specify the terms and conditions of performance, but leaves those to the parties' agreement. It is this aspect of the judgment, which leaves the terms and conditions open and subject to future court order, that robs the judgment of the finality required to make the judgment appealable.

This appeal is dismissed.

PUDLOWSKI, P.J., and MELVYN W. WIESMAN, Special Judge, concur.