**Zelma HUBBARD, Appellant,**

v.

**MERCANTILE BANK OF KANSAS CITY, Respondent.**

**No. WD 41130.**

Missouri Court of Appeals,
Western District.

Aug. 1, 1989.

Daniel D. Lane and Bradley A. Pistotnik, Overland Park, Kan., for appellant.

Jack B. Robertson, Kansas City, for respondent.

Before KENNEDY, C.J., and TURNAGE and GAITAN, JJ.

PER CURIAM.

Zelma Hubbard appeals the dismissal of her action for damages against the Mercantile Bank of Kansas City.

The order of dismissal is reversed and the cause is remanded.

Hubbard instituted an action for replevin and conversion in the Jackson County Circuit Court seeking money damages against the Mercantile Bank. In her petition, Hubbard alleged that the Mercantile Bank had unlawfully taken possession of the contents of a safe deposit box which she had leased from the Mercantile Bank. She further alleged that those contents included a certificate of deposit issued to her by the Mercantile Bank and various personal papers belonging to her.

The Mercantile Bank moved to dismiss Hubbard's action pursuant to Rule 55.-27(a)(10) claiming the pendency of another action involving both parties as party-defendants to previously-filed, pending litigation in the probate division of the Jackson County Circuit Court. The "other action" was a probate proceeding instituted by the personal representative of the estate of Margaret M. Wallow. It sought the discovery and return of assets. The petition accused Hubbard and other individuals of conspiring to defraud the decedent's rightful heirs and to wrongfully convert property of the estate which included real property, certificates of deposit, bank accounts, and personal property contained in a safe deposit box. That petition also alleged that the Mercantile Bank had issued a certificate of deposit properly owned by the estate and that Hubbard maintained a safe deposit box at Mercantile Bank containing property of the estate. The certificate of deposit in Hubbard's safe deposit box at Mercantile was issued in the joint names of Hubbard and one Hazel Tinsman and was being claimed by the personal representative as an asset of the Wallow estate.

■ Although difficult to decipher, Hubbard's points and arguments suggest that the trial court erred in dismissing her civil action with prejudice.

The trial court dismissed Hubbard's civil action without indicating whether the dismissal was with or without prejudice. Rule 67.03 provides in pertinent part:

> ... any involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify.

Hence, Hubbard's action is deemed to have been dismissed with prejudice because the trial court failed to specify otherwise and because the dismissal was not based on any of the enumerated exceptions in Rule 67.03. A dismissal with prejudice bars the assertion of the same cause of action or claim

against the same party and constitutes a final, appealable judgment. Rule 67.03; *Nicholson v. Nicholson*, 685 S.W.2d 588, 589 (Mo.App.1985).

Rule 55.27(a)(10) and its statutory counterpart, section 509.290.1(8), RSMo 1986, preserve as a defense the plea in abatement when "there is another action pending between the same parties for the same cause in this state." *Mullen v. Fridley*, 600 S.W.2d 125, 127 (Mo.App.1980). However, pendency of a prior action is not ground for dismissal with prejudice, but ground only to stay or abate[1] the later action. *See Brunton v. Floyd Withers, Inc.*, 716 S.W.2d 823, 825 (Mo.App.1986). We do not mean to hold that Hubbard's action against Mercantile should be stayed or abated under Rule 55.27(a)(10). We do not reach that question.

The trial court erred in terminating Hubbard's civil action. The order of dismissal is therefore reversed and the cause is remanded for reinstatement of Hubbard's petition.

---

1. A plea in abatement is essentially a request, not that an action be terminated, but that it be continued until such time as there has been a disposition of the first action or that allowance of this defense be equivalent to a dismissal without prejudice of the abated action. 1 C.J.S. *Abatement and Revival* § 16 (1985); *see Miller v. Johnson*, 370 P.2d 171, 173 (Alaska 1962); *Shuffer v. Board of Trustees of the California State University and Colleges*, 67 Cal.App.3d 208, 136 Cal.Rptr. 527, 532 (1977); *Moresca v. Allstate Insurance Company*, 231 So.2d 283, 285 (Fla.Dist.Ct.App.1970); *Scott v. Agricultural Products Corporation, Inc.*, 102 Idaho 147, 627 P.2d 326, 330 (1981); *see generally* 1 Am.Jur.2d *Abatement, Survival, and Revival* § 40 (Supp. 1989).