In re the MARRIAGE OF GORMLEY.

Warren Gordon GORMLEY, Petitioner–Appellant,

v.

Becky Ann GORMLEY, Respondent–Respondent.

No. 17033.

Missouri Court of Appeals, Southern District, Division Two.

July 11, 1991.

Motion for Rehearing or Transfer Denied July 30, 1991.

Application to Transfer Denied Sept. 10, 1991.

James M. Kelly, Republic, for petitioner-appellant.

No Respondent's brief filed.

**PER CURIAM.**

In this domestic relations case, Warren Gordon Gormley (the husband) obtained a default judgment that dissolved his marriage to Becky Ann Gormley (the wife). Thirteen days after the default judgment was entered, the wife filed a motion in which she alleged that the default judgment was obtained by fraud and that the Greene County Circuit Court lacked jurisdiction because the parties had a dissolution of marriage suit already pending in Crawford County, Missouri. The trial court vacated the default judgment and dismissed the husband's petition. The husband appeals.

On the two issues presented, we hold the trial court did not err in setting aside the default judgment even though the wife did not timely raise the defense that another action was pending; however, the trial court did err in dismissing the husband's petition with prejudice.

### FACTS

On November 3, 1989, the husband filed his petition for dissolution of marriage in Greene County Circuit Court. On that same date, and accompanying his dissolution petition, the husband filed with the court a document entitled "Waiver of Issuance of Summons and Service of Process: Voluntary Entry of Appearance." The document, signed by the wife, reads as follows:

1. That she [the wife] is aware that a Petition for Dissolution of Marriage will be filed in ... Greene County, Missouri on behalf of her husband....

2. That a copy of such Petition for Dissolution of Marriage has been received by the undersigned [the wife].

3. That the undersigned hereby waives issuance of summons and service of process upon her and voluntarily enters her appearance in such proceeding.

4. That the undersigned has been informed that she has 30 days from the filing of said petition within which to file a responsive pleading thereto, and if a responsive pleading is not filed, that a

default judgment may be entered against her without further notice.

The document was acknowledged by the same notary public who notarized the husband's verification of his petition for dissolution. The wife's document and the petition verification were acknowledged the same day. The wife alleges she signed the "waiver" document in the husband's attorney's office.

The next docket entry is dated May 10, 1990, when the husband appeared with his attorney, adduced evidence, and the court entered a decree dissolving the marriage. By that judgment, the trial court gave the husband custody of the couple's two children, then ages 6 and 5, ordered the wife to pay child support, and divided marital property.

On May 23, 1990, the wife filed a verified "Motion to Set Aside Default Decree of Dissolution of Marriage" and a "Request for Change of Judge." In her motion, the wife alleged that the husband committed fraud in procuring the decree and she asserted that the Greene County Circuit Court had no jurisdiction because there was a dissolution action pending between the parties in Crawford County, Missouri. There is nothing in the record to indicate the husband filed a response to the wife's motion.

On May 30, 1990, the wife's request for a change of judge was granted. On June 6, 1990, the trial court conducted a hearing on the wife's motion. If a record of that hearing was made, it is not before us. At the hearing, the court had before it a certified copy of the docket sheet pertaining to the Crawford County dissolution action which indicated that the Crawford County case had been filed April 11, 1988, and that it remained on the active docket. After finding that the Circuit Court of Crawford County had exclusive jurisdiction because

of the pending dissolution of marriage action there, the trial court set aside the Greene County dissolution decree and dismissed the husband's petition.

## DISCUSSION AND DECISION

In his brief, the husband acknowledges the general rule that when both parties to a dissolution action file petitions, the court in which the earlier filing occurs acquires jurisdiction. *State ex rel. Kincannon v. Schoenlaub*, 521 S.W.2d 391, 393–94 (Mo. banc 1975); *Burton v. Burton*, 243 S.W.2d 356, 358 (Mo.App.1951). The husband asserts, however, that the general rule is "tempered to some extent by the provisions of Supreme Court Rule 55.27." He argues that, pursuant to Rules 55.27(a)(10) and 55.27(g)(1), the wife waived her defense that a dissolution action was pending in Crawford County because she failed to timely raise that defense by motion or responsive pleading.[1]

■ We reject the husband's argument for the following reasons. We do not believe a defense waived pursuant to Rules 55.27(a)(10) and 55.27(g)(1) is irretrievable under all circumstances. Our reading of Rules 74.05(c) and 75.01 leads us to this conclusion.

Rule 75.01, applicable to trial court judgments in general, reads, in part:

The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate ... its judgment within that time.

The "logic and justice" of the thirty-day period of control is well-stated in *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229 (Mo.banc 1969). "[A] trial court should be permitted to retain control of every phase of a case so that it may correct errors, or,

---

1. Rule 55.27(a) reads, in pertinent part: "Every defense, in law or fact, to a claim in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (10) that there is another action pending between the same parties for the same cause in this state."

Rule 55.27(g)(1) reads, in part: "A defense ... that there is another action pending between the same parties for the same cause in this state ... is waived ... if it is neither made by motion under this Rule nor included in a responsive pleading."

in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becoming final and appealable." *Id.* at 232. In the case before us, the trial court vacated the default judgment during the 30–day period immediately following its entry.

Rule 74.05(c), which applies specifically to default judgments, provides that a trial court, under certain circumstances, may set aside a default judgment. Rule 74.05 reads, in part:

> Entry of Default Judgment ... (c) When Set Aside. Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.

The trial court was presented with factual allegations about a meritorious defense, i.e., the pending dissolution action in Crawford County.

■ In addition to the existence of a meritorious defense, Rule 74.05(c) also requires (as does Rule 75.01) a showing of "good cause." It has been noted that, although the *good cause* element of Rule 75.01 (and Rule 74.05(c)) eludes "precise definition," it "obviously intends a remedial purpose and is applied with discretion to prevent a manifest injustice or to avoid a threatened one." *B——L——C——(K) v. W——W——C——*, 568 S.W.2d 602, 605 (Mo. App.1978). *Good cause* may be found in such situations as where a trial court, facing the "solemn duty to decide the custody of a child" is "beset by doubt as to the true evidence...." *Id.* at 604–05.

■ The record in this case supports the conclusion that the trial court had before it a showing of good cause to set aside the default judgment. The custody of two minor children appears a central issue. The wife signed a document by which she purportedly waived her rights to summons and service of process in the dissolution action

filed by the husband. The "waiver" document was acknowledged by the same notary public who notarized the husband's verification of his dissolution petition. Both documents were acknowledged on the same date, apparently at the husband's attorney's office. After the dissolution petition was filed in November 1989, the suit lay dormant until the husband and his attorney appeared in court in May 1990 and obtained the default judgment. Once the wife learned of the default judgment, she acted almost immediately in an attempt to have it set aside. At the hearing on the wife's motion to vacate, the trial court had before it the wife's apparently uncontradicted affidavit which contained allegations that the husband fraudulently obtained her signature on the "waiver" document. We believe there was a sufficient showing of "good cause" to allow the trial court, pursuant to either Rule 74.05(c) or 75.01, to set aside the default judgment.

We affirm the trial court's action in setting aside the default judgment.

■ The second issue on appeal involves the trial court's dismissal of the husband's dissolution petition. The trial court dismissed the husband's petition without indicating whether the dismissal was with or without prejudice. Rule 67.03 provides in pertinent part:

> [A]ny involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify.

Rule 67.03 thus requires that the dismissal be one with prejudice because the trial court failed to specify otherwise and because the dismissal was not based on any of the enumerated exceptions in the rule. *Hubbard v. Mercantile Bank of Kansas City*, 773 S.W.2d 517, 518 (Mo.App.1989); *Brunton v. Floyd Withers, Inc.*, 716 S.W.2d 823, 827 (Mo.App.1986). In the case before us, this result is erroneous.

■ Although a pending action does not "bar" a later action between the same par-

ties, it is a defense which may be pled only as a ground for abatement of the later action. *Brunton*, 716 S.W.2d at 827; 1 C.J.S. *Abatement and Revival* § 16 at 50 (1985).

> Rule 55.27(a)(10) ... preserve[s] as a defense the plea in abatement when "there is another action pending between the same parties for the same cause in this state." However, pendency of a prior action is not ground for dismissal with prejudice, but ground only to stay or abate the later action.

*Hubbard*, 773 S.W.2d at 519 (citations omitted). The trial court erred as a matter of law in dismissing the husband's petition without designating the dismissal as one "without prejudice."

We reverse the portion of the trial court judgment dismissing the husband's petition and remand the cause to the trial court. If the wife's defense that another action between the parties is pending is still viable, the trial court shall enter an order dismissing the husband's petition without prejudice.

Affirmed in part; reversed and remanded in part.

All Concur.