**John E. AMPLEMAN, et al., Appellants,**

**v.**

**Janet S. SCHWEISS, et al., Respondents.**

No. 73524.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 2, 1998.

John E. Ampleman, pro se.

David Fondren, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Munich, Asst. Atty. Gen., Jefferson City, Paul M. Rauschenbach, Asst. Atty. Gen., St. Louis, for respondents.

RICHARD B. TEITELMAN, Judge.

John and Noel Ampleman (Appellants) appeal from a judgment in the Circuit Court of St. Louis County granting the motions of Respondents Janet Schweiss and George Ann Cooper to dismiss Counts I and II of Appellants' petition alleging Respondents had committed an abuse of process and malicious prosecution. We dismiss the appeal for lack of a final, appealable judgment.

On June 17, 1996, Appellants filed a three-count petition in the Circuit Court of St. Louis County against Janet Schweiss, George Ann Cooper and the Missouri Division of Family Services (the Division). Count I was a claim for abuse of process, alleging that the Division, through its agents Schweiss and Cooper, "employed legal process, to-wit, child neglect charges," against Appellants in a manner that was "technically correct, but for wrongful and malicious purpose and to attain an unjustifiable end or object." Count II was a claim for malicious prosecution. Count III sought judicial review of the Division's decision in "incident number 90322001" naming Appellants as suspected perpetrators of child neglect. Appellants sought to have their names expunged from the central registry of persons suspected of child abuse or neglect.

The Division, Schweiss and Cooper asked the circuit court, the Honorable John F. Kintz, to dismiss Appellants' petition because it did not state a claim upon which relief could be granted and for lack of jurisdiction. In response to the motion, the circuit court dismissed Counts I and II against the Division based on the doctrine of sovereign immunity. It also granted Schweiss's and Cooper's motion to dismiss Counts I and II, stating: "Plaintiffs failed to allege adequately a perverted use of process or damages on Count I and failed to adequately plead commencement of an action or instigation of commencement of an action by these defendants." The circuit court did not indicate whether the dismissal was with prejudice or without prejudice.

■ Rule 67.03 provides, in pertinent part, that "Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." The general rule is that a dismissal without prejudice is not a final judgment, and therefore cannot be appealed. *Waltrip v. Davis*, 899 S.W.2d 147 (Mo.App. E.D.1995). "In a case of a dismissal without prejudice, a plain-

tiff typically can cure the dismissal by filing another suit in the same court; hence, a dismissal without prejudice is not a final judgment for purposes of appeal." *Vernor v. Missouri Bd. of Probation and Parole,* 934 S.W.2d 13, 14 (Mo.App. W.D.1996). "In most instances, a dismissal without prejudice does not constitute an adjudication on the merits." *Id.*

█ In certain instances, however, a dismissal without prejudice is a final appealable order. See, for example, *Siampos v. Blue Cross and Blue Shield of Missouri,* 870 S.W.2d 499 (Mo.App. E.D.1994) (dismissal based on lack of jurisdiction appealable because effect of trial court's order was to dismiss action, not just pleading); *State ex rel. State of Ill. v. Jones,* 920 S.W.2d 116 (Mo.App. E.D.1996) (dismissal based on failure to join a child as party was an adjudication on the merits that could be appealed, even though dismissal was without prejudice). Additionally, a dismissal without prejudice for failure to state a claim upon which relief can be granted can be tantamount to a determination that the plaintiff has no cause of action and can result in a final, appealable judgment. *Meadows v. Jeffreys,* 929 S.W.2d 746 (Mo.App. S.D.1996). That is not the case here.

█ In *City of Chesterfield v. Deshetler Homes, Inc.,* 938 S.W.2d 671, 673 (Mo.App. E.D.1997), this Court stated that "an appeal from such a dismissal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum." In the case at bar, the circuit court's dismissal did not have the "practical effect" of terminating Appellants' litigation in form or forum. The dismissal does not preclude Appellants from bringing their cause of action to the circuit court again.

For the foregoing reasons, we dismiss Appellants' appeal for lack of a final, appealable judgment.

CRAHAN, C.J., and CHARLES B. BLACKMAR, Senior Judge, concur.