**STATE of Missouri ex rel., DOS HOMBRES–INDEPENDENCE, INC., Relator,**

v.

**Honorable W. Stephen NIXON, Respondent.**

No. WD 59019.

Missouri Court of Appeals, Western District.

June 12, 2001.

Douglas M. Greenwald, Kansas City, for relator.

James D. Walker, Jr., Kansas City, for respondent.

Before NEWTON, P.J., ULRICH, J., and BRECKENRIDGE, J.

ULRICH, J.

Relator, Dos Hombres–Independence, Inc., petitions this court for its writ of prohibition to preclude The Honorable W. Stephen Nixon from setting aside his March 2, 2000, "Judgment of Partial Dismissal" that dismissed plaintiffs' petition asserting a wrongful death claim against Dos Hombres–Independence, Inc. and from reinstating the wrongful death claim. This court's preliminary rule in prohibition was issued on September 28, 2000. The preliminary rule in prohibition is hereby made absolute.

James R. Mercer and Elizabeth A. Lower filed their petition on September 8, 1999, against Dos Hombres and two other named defendants alleging that decedent was killed when he was struck by a motor vehicle driven by an intoxicated minor who, immediately prior to the incident, had been a customer and business invitee of Dos Hombres' restaurant in Independence. The petition claimed that the driver of the vehicle had ingested alcoholic beverages served by Dos Hombres and that the minor driver had become intoxicated while at the restaurant. The petition asserted that Dos Hombres breached a duty to the decedent to control, supervise, and monitor its patrons outside the restaurant and that as a result of such breach of duty, the vehicle then driven by the intoxicated minor driver struck and killed the decedent.

Dos Hombres filed a motion to dismiss the petition as it related to it, claiming that the wrongful death assertions in the petition against it conflicted with section 537.053, RSMo 1994. The statute states in part:

1. Since the repeal of the Missouri Dram Shop Act in 1934 (Laws of 1933–34, extra session, page 77), it has been and continues to be the policy of this state to follow the common law of England, as declared in section 1.010, RSMo, to prohibit dram shop liability and to follow the common law rule that furnishing alcoholic beverages is not the proximate cause of injuries inflicted by intoxicated persons.

2. The legislature hereby declares that this section shall be interpreted so that the holdings in [such] cases ... be

abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages, rather than the furnishing of alcoholic beverages, to be the proximate cause of injuries inflicted upon another by an intoxicated person. § 537.053, RSMo 1994.

The trial court, on March 2, 2000, applying the rule of law expressed in *Simpson v. Kilcher*, 749 S.W.2d 386 (Mo. banc 1988), that section 537.053 does not violate Article I, section 14 of the Missouri Constitution and the first amendment of the U.S. Constitution, granted the motion to dismiss the petition against defendant Dos Hombres only. The trial court signed a document entitled, "Judgment of Partial Dismissal." The document stated:

> The Court, upon full consideration, having reviewed Defendant Dos Hombres–Independence, Inc.'s Motion to Dismiss, filed on November 15, 1999, and being fully advised in the premises, and having determined that there is no just reason for delay in the entry of a judgment on said Motion to Dismiss, hereby SUSTAINS said Motion pursuant to and in accordance with Rule 74.01(b).
>
> WHEREFORE IT IS ORDERED, that Defendant Dos Hombres–Independence, Inc. is hereby dismissed as a party to this action.

Defendant Dos Hombres claimed, and the record supports the conclusion, that the trial court understood that the rationale for the motion and, ultimately, the "Judgment of Partial Dismissal," was the plaintiffs' assertion in their petition that Dos Hombres was liable to them for the death of the decedent because it furnished alcoholic beverages to the minor driver who, as a result, became intoxicated and struck and killed the decedent. Thus, Dos Hombres was dismissed as a party defendant because section 537.053 declares that "furnishing alcoholic beverages is not the proximate cause of injuries inflicted by intoxicated persons."

According to Dos Hombres, the trial court's "Judgment of Partial Dismissal" became a final judgment thirty days after entry on March 2, 2000, because a timely motion for a new trial was not filed. Rule 81.05(a). Thus, Dos Hombres asserts that the "Judgment" was final on April 1, 2000. Dos Hombres also claims that plaintiffs had ten days from the date the "Judgment" became final in which to file a notice of appeal. Rule 81.04(a). Plaintiffs did not file a notice of appeal.

Plaintiffs filed their "Motion to Reconsider and Set-aside Judgment of Partial Dismissal Due to Missouri Supreme Court Decision" on July 17, 2000. The motion was based on the Missouri Supreme Court's opinion styled *Kilmer v. Mun*, 17 S.W.3d 545 (Mo. banc 2000), filed on May 9, 2000. In *Kilmer*, the Court declared that section 537.053, authorizing a dram shop cause of action only when the liquor licensee had been convicted for providing alcoholic beverages to intoxicated persons, violated the open courts provision of the Missouri Constitution. *Id.* at 554. The Court specifically overruled *Simpson v. Kilcher*. *Id.* at 553.

The trial court entered its "Notice of Intent to Enter Order" on August 28, 2000, in which it stated its intent to grant the plaintiffs' motion and set aside its "Judgment" entered March 2, 2000, and to "reinstate the claim on the active trial docket unless prohibited from doing so by Writ of Prohibition." Dos Hombres filed its petition for Writ of Prohibition with this court on September 13, 2000, and the preliminary rule in prohibition was entered on September 28, 2000, directing Respondent trial court to take no further action regarding its August 28, 2000, expressed intent to set aside the March 2, 2000,

"Judgment" and to reinstate the petition as against Defendant Dos Hombres.

Determinative of whether the plaintiffs can refile their petition naming Dos Hombres as a party defendant is whether the trial court's "Judgment of Partial Dismissal" was an order of dismissal without prejudice or a judgment from which plaintiffs were required to timely file a notice of appeal to contest the trial court's decision. A judgment becomes final thirty days after its entry in the absence of a motion for new trial or other authorized after-trial motions. *McDonald v. McDonald,* 946 S.W.2d 743, 746 (Mo.App. S.D.1997); Rule 81.05(a). No appeal is effective unless the notice of appeal is filed not later than ten days after the judgment appealed from becomes final. *Id.;* Rule 81.04(a). An order of dismissal without prejudice is not a final judgment and is not normally appealable. *Ampleman v. Schweiss,* 969 S.W.2d 862, 863 (Mo.App. E.D.1998). Thus, if the court's order was a judgment, the matter is concluded because the judgment became final and an appeal was not timely filed. If, however, the order was a dismissal without prejudice, the petition might be refileable.

Rule 67.03 addresses involuntary dismissal. The rule provides:

Rule 67.03. Involuntary Dismissal—Effect Thereof

A defendant may move for an involuntary dismissal of the civil action for lack of jurisdiction, for prematurity of action, for failure to substitute a party for a decedent and for such other dismissals as are allowed by these Rules 41 through 101. Defendant may also move for an involuntary dismissal of the civil action for failure of the plaintiff to prosecute or to comply with these Rules 41 through 101 or any order of the court. Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify. Rule 67.03. The effect of Rule 67.03 is that, generally, a trial court order involuntarily dismissing a petition is without prejudice unless the order states that the dismissal is with prejudice. *Balke v. Ream,* 983 S.W.2d 579, 580 (Mo.App. W.D.1998). Ordinarily, when an action is dismissed without prejudice, a plaintiff may cure the dismissal by filing another suit in the same court, and, therefore, a dismissal without prejudice is not a final judgment for the purpose of appeal. *Id.* An exception to this general rule is that an appeal can be taken where the dismissal has the practical effect of terminating the litigation in the form presented by the plaintiff. *Id.* (citing *Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997)). If the effect of the trial court's dismissal is to dismiss the cause of action and not merely the pleading, then the dismissal was final and appealable. *Mahoney v. Doerhoff Surgical Servs., Inc.,* 807 S.W.2d 503, 506 (Mo. banc 1991). "If the dismissal was such that a refiling of the petition at that time would be a futile act, then the order of dismissal is appealable." *Helms v. American States Ins. Co.,* 886 S.W.2d 220, 221 (Mo.App. W.D.1994).

The trial court's "Judgment of Partial Dismissal" effected dismissal of the claim against Dos Hombres with prejudice. The dismissal effectively terminated the litigation against Dos Hombres and not simply the petition as an inept vehicle for expressing a cause of action. The refiling of a petition that endeavored to assert a cause of action that section 537.053 and *Simpson v. Kilcher* precluded would have been a futile act.

Additionally, the intent of the court to dismiss the claim against Dos Hombres with prejudice is evident by the title of and the words used in the ruling.

The trial court titled its decision "Judgment of Partial Dismissal," and within the text of the document, the trial court stated, "… and having determined that there is no just reason for delay in the entry of a judgment on said Motion to Dismiss, hereby SUSTAINS said Motion pursuant to and in accordance with Rule 74.01(b)." Rule 74.01(b) provides in relevant part, "when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Rule 74.01(b). Rule 74.01(b) grants a trial court wide discretion to declare a judgment disposing of fewer than all claims or parties final and appealable upon a finding of "no just reason for delay." *Committee for Educ. Equal. v. State*, 878 S.W.2d 446, 453 (Mo. banc 1994). Where the circumstances of the case and the judgment entered are wholly inconsistent with a finding of "no just reason for delay," such finding by a trial court is an abuse of discretion. *Id.* By invoking Rule 74.01(b), the court attempted to manifest its intent to terminate the litigation and to permit the plaintiff to seek appellate review. The circumstances of the case were not inconsistent with the court's finding of "no just reason for delay." The claims against Dos Hombres arose from its serving alcoholic beverages to a minor. The basis of the claims against Dos Hombres and the issues of liability differed from those against the remaining defendants. Additionally, the claims against Dos Hombres were fully resolved by the court's action, and Dos Hombres did not remain in the litigation. The trial court, therefore, did not abuse its discretion in declaring the judgment disposing of Dos Hombres final and appealable.

Because the trial court's March 2, 2000 "Judgment of Partial Dismissal" was a final and appealable judgment, and the plaintiffs chose not to appeal the judgment, they are now foreclosed from reinstating their petition naming Dos Hombres as a party defendant.

The preliminary rule in prohibition is hereby made absolute.

NEWTON, P.J., and BRECKENRIDGE, J., concur.