Anthony **FINERSON**, Appellant,

v.

Donald P. **ROPER**, Respondent.

No. ED 85481.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 26, 2005.

---

**1.** All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

Anthony Finerson, Bowling Green, MO, pro se.

Lisa J. Berry, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

## Introduction

Anthony Finerson ("Defendant") appeals from the judgment of the Circuit Court of Washington County dismissing his Petition for Declaratory Judgment. Because we do not have jurisdiction to consider this appeal, we dismiss.

## Statement of the Facts and Proceedings Below

Defendant was convicted in the Circuit Court of the City of St. Louis of first-degree robbery and armed criminal action for robbing a St. Louis paint store while brandishing a weapon. Upon his conviction, the court sentenced Defendant as a prior and persistent offender to concurrent terms of fifteen years' imprisonment. Defendant filed a post-conviction appeal, which we affirmed with a published opin-

ion in *State v. Finerson,* 826 S.W.2d 367 (Mo.App. E.D.1992).

Defendant filed a "Petition for Declaratory Judgment Pursuant to Mo.S.Ct. Rule 87" on October 10, 2003 naming Donald Roper, the superintendent of the Potosi Correctional Center, as the Respondent. In his prayer for relief, Defendant asked that the court declare his right to a writ of habeas corpus and a new trial based on his allegation that the trial court lacked jurisdiction to impose sentence and judgment because it failed to have the jury's verdict rendered in open court as required by Section 532.070 RSMo 1986.

Respondent, Donald Roper, answered the Petition on November 17, 2003 with a denial that "he [was] the correct party respondent for the relief sought by the petitioner." The court agreed and, in a Judgment dated December 10, 2004, dismissed Defendant's Petition finding, "the named Respondent is not the correct party Respondent for the relief sought by the Petitioner." This appeal followed.

## Discussion

On appeal, Defendant contends that the trial court abused its discretion when it denied his Petition for Declaratory Judgment based on the fact that Respondent was not the proper party respondent for the action. In support of this contention, Defendant argues that the trial court erred because his Petition for Declaratory Relief named Donald Roper, Superintendent of the Potosi Correctional Center, as the party respondent and "§ 532.080 RSMo 2000 requires every habeas corpus shall be directed to the person by whom the party to be relieved is restrained of his liberty." In a separate point, Defendant contends that Section 532.080 is unconstitutionally vague. In response, Respondent argues: (1) Respondent was not the proper party respondent because he does not

have the power to grant Defendant the relief requested in his Petition; and (2) this court does not have jurisdiction to consider this appeal.

We first consider the threshold issue of jurisdiction. Notably, in its Judgment dismissing Defendant's Petition for Declaratory Judgment, the trial court did not indicate whether the dismissal was with or without prejudice. Rule 67.03 of the Missouri Rules of Civil Procedure provides that "any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify."

 Accordingly, in light of the trial court's failure to indicate that the dismissal was with prejudice, we presume that the trial judge dismissed Defendant's Petition without prejudice. Mo.R.Civ.P. 67.03; *State v. Honeycutt*, 96 S.W.3d 85, 90 (Mo. banc 2003). Generally, a dismissal without prejudice is not an order from which appeal can be taken. *Nolan v. State*, 959 S.W.2d 939, 940 (Mo.App. E.D.1998); *Honeycutt*, 96 S.W.3d at 90. Of course, appeal can be taken in a case where the trial court's dismissal of a cause without prejudice "effectively terminates the litigation 'in the form in which it is cast or in the . . . chosen forum.'" *Nolan*, 959 S.W.2d at 940, *quoting Skaggs v. Skaggs*, 938 S.W.2d 302 (Mo.App.1997). This case does not fit that narrow exception.

 Here, the trial court's dismissal of Defendant's "Petition for Declaratory Judgment Pursuant to Mo.S.Ct. Rule 87" did not mark a definitive end to the litigation. Although Defendant's Petition requested the trial court to declare his right to a writ of habeas corpus, the ultimate relief requested in the Petition was a new trial. The court dismissed in light of the fact that, as superintendent of a correctional center, Respondent did not have the authority to order a new trial for Defendant. As Respondent suggests, Defendant retained several avenues through which to pursue either habeas relief or a new trial, i.e., a state habeas petition naming the superintendent of his present correctional facility or another petition for declaratory judgment naming the proper respondent. Under these circumstances, we do not have jurisdiction. The appeal is dismissed.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., concur.