Terry PRUITT, Appellant,

v.

**MISSOURI DEPARTMENT
OF CORRECTIONS,**
Respondent.

No. WD 66956.

Missouri Court of Appeals,
Western District.

May 22, 2007.

Terry Pruitt, Jefferson City, pro se.

David A. Johnston, Esq., Jefferson City, for Respondent.

Before Div I—BRECKENRIDGE, P.J., LOWENSTEIN and HOLLIGER, JJ.

HAROLD L. LOWENSTEIN, Judge.

Terry Pruitt was an inmate at the Farmington Correctional Facility. In a three-count petition filed October 3, 2005, Pruitt contends that, due to the negligence of the Department of Corrections ("Corrections"), he was injured while incarcerated. In Count I, Pruitt alleges that he was injured when he slipped and fell in the "toilet and sink" area of the facility on September 24, 2004. In Count II, Pruitt states that he incurred the second injury on June 10, 2005 when he was struck on the head by a ceiling grate. In Count III, he claims to have been injured when he slipped in the hallway of the facility.

Corrections filed a motion to dismiss the petition arguing that: (1) Count I was barred by the statute of limitations set forth in Section 516.145;[1] (2) the petition failed to state a cause of action upon which relief could be granted; and (3) Pruitt failed to exhaust his administrative remedies prior to filing the petition. The trial court sustained the motion to dismiss and, on January 5, 2006, entered a judgment stating: "Petitioner's Petition is dismissed *for failure to state a cause of action.*" (Emphasis added.) On January 24, 2006, Pruitt filed a motion for rehearing as well as "Suggestions in Opposition to Defendant's Motion to Dismiss." When the trial court denied the motion for rehearing, Pruitt refiled his petition as to Counts II and III in circuit court but has appealed the dismissal of Count I to this court.

Pruitt now claims in this appeal that "[Corrections] moved the Circuit Court to dismiss Count I for being barred by the statute of limitations.... [Corrections] further moved the Circuit Court to dismiss Counts II and III for failing to state a claim and failure to exhaust administrative remedies." However, a review of the record indicates that the stated grounds for Corrections' motion was the "failure to state a claim upon which relief can be granted as a matter of law." In the suggestions in support of the motion to dismiss, Corrections argued that the entire petition fails to state a claim upon which relief could be granted. Corrections offered the statute of limitations argument as to Count I as an alternate basis for dismissal.

The trial court granted the motion to dismiss the petition for failure to state a cause of action. The trial court did not ground the dismissal of Count I on the statute of limitations; indeed, the trial court did not rule on that issue at all. Pruitt was not subject to adverse ruling as to the statute of limitations; therefore, the issue of whether Count I is barred by the statute of limitations set forth in Section 516.145 is not properly before this court. "To undertake to review an issue not having been decided by the trial court would be akin to rendering an advisory opinion, something appellate courts are wont not to do." *Daniel v. Ind. Mills & Mfg., Inc.,* 103 S.W.3d 302, 318 (Mo.App.2003). The issue is simply not ripe for adjudication by this court.

Under Rule 67.03, "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." Here, the trial court did not specify that the dismissal was with prejudice; therefore, the dismissal is presumed to be without prejudice. A dismissal without prejudice is not a final judgment for the purposes of appeal. *Ampleman v. Schweiss,* 969 S.W.2d 862, 863 (Mo.App.1998).

Although the trial court's decision is titled "Judgment," it has said nothing else to manifest an intent to terminate the litigation and allow the plaintiff to seek appellate review. There was no language here to the effect that "there was no reason for delay in entering a judgment on the motion to dismiss," or that the dismissal was as to one of several parties and the dis-

---

1. All statutory references are to RSMo. (2000) unless otherwise specified.
   Section 516.145 provides that "all actions brought by an offender, as defined in section 217.010, RSMo, against the department of corrections or any entity or division thereof, or any employee or former employee for an act in an official capacity, or by the omission of an official duty" must be brought within one year of the event. Pruitt does not dispute that he is subject to the limitations set forth in Section 516.145 but rather bases his argument on the date his injury accrued.

missal was rendered pursuant to Rule 74.01(b). *State ex rel. Dos Hombres–Independence, Inc. v. Nixon,* 48 S.W.3d 76, 79–80 (Mo.App.2001). Had the reason for dismissal of Count I been based on the limitations as a bar to refiling the action, then the ruling would have effectively been with prejudice. *Braun v. Petty,* 31 S.W.3d 521, 523 n. 1 (Mo.App.2000).

Because Pruitt can cure the defect by refiling a petition as to Count I in the trial court seeking legal remedy or even limited equitable relief of the type still available to him, Pruitt's appeal is not properly before this court. The appeal is dismissed.

All concur.