Larry ATKINS, et al., Plaintiffs–
Appellants,

v.

William JESTER, et al., Defendants–
Respondents.

No. SD 29922.

Missouri Court of Appeals,
Southern District,
Division One.

April 30, 2010.

Michael W. Blanton, Leawood, KS, for Appellant.

Jim J. Shoemake, St. Louis, MO, for Respondent Windermere Baptist Conference Center.

Burton H. Shostak, St. Louis, MO, for Respondent William Jester, et al.

Corinne E. Muller, Jefferson City, MO, for Respondents Jim Hill and RDI, LLC.

James W. Gallaher, Jefferson City, MO, for Respondent Reliable Trust Company, et al.

Matthew R. Hubbard, Kansas City, MO, for Respondent National City Bank, et al.

DON E. BURRELL, Judge.

The Missouri Baptist Convention ("the Convention"), an unincorporated association of representatives from affiliated Southern Baptist churches in the State of Missouri known as "messengers," *Executive Bd. of the Mo. Baptist Convention v. Windermere Baptist Conference Ctr.*, 280 S.W.3d 678, 684 n. 1 (Mo.App. W.D.2009), appeals the trial court's dismissal of its action to quiet title to certain parcels of real property ("the real estate") located in Camden County, Missouri.[1] Because the dismissal purported to rely on matters extrinsic to the petition and did not explicitly state that it was being granted "with prejudice" or otherwise indicate that the Convention was effectively precluded from refiling the same cause of action regardless

---

1. The Convention acts through its Executive Board and messengers. *Id.*

of how it might draft its pleadings, we dismiss the appeal for lack of a final, appealable judgment.

### Procedural History and Facts

The dispute in this case revolves around Windermere Baptist Conference Center ("Windermere"), a public benefit corporation created by the Convention. The stated purpose for Windermere was to establish and maintain conference and recreational facilities to facilitate Christian renewal and commitment. *Id.* at 684. Upon the incorporation of Windermere and the election of its initial board of directors, the Convention transferred ownership of the real estate to Windermere. *Id.* at 685. When the Convention drafted and approved Windermere's articles of incorporation, those articles granted the Convention the right to nominate and elect the members of Windermere's board of directors. *Id.* at 685. Those articles also unambiguously stated that Windermere "shall have no members." *Id.* at 686–87.

Windermere's board of directors subsequently voted (without the Convention's participation or approval) to amend the corporation's articles and bylaws to, among other things, no longer require that upon any dissolution of Windermere its assets were to be given to organizations affiliated with the Convention. *Id.* at 686. The Convention filed suit in Cole County, alleging the Convention was a "member" of Windermere, pursuant to section 355.066(21), RSMo Cum.Supp.2007 (a portion of the Missouri Nonprofit Corporation Act) and thereby had the right to vote on any attempt to amend Windermere's articles of incorporation. *Id.* at 686. In the Cole County suit, the Convention asserted various legal theories in an attempt to invalidate the amended articles and thereby allow it to ultimately re-acquire the assets (including the real estate) it had transferred to Windermere. *Id.* at 686–98.

After the circuit court granted summary judgment in favor of Windermere in the Cole County case, the Western District held that the Convention could not have been a "member" of a corporation whose articles unequivocally stated that it "shall have no members." *Id.* at 687. The Western District also found that the Convention lacked the standing necessary to challenge the unilateral amendment of Windermere's articles, because "only members, directors or the Attorney General have standing to challenge ultra vires acts of a not-for-profit corporation." *Id.* at 693 (quoting *Blue Cross & Blue Shield of Mo. v. Nixon,* 81 S.W.3d 546, 552 (Mo.App. W.D.2002)). The Western District further found that the Convention was not a third party beneficiary of Windermere's articles of incorporation, that Windermere was not liable in rescission, and that the circuit court did not err in dismissing the Convention's claim of civil conspiracy for failure to state a claim. *Windermere,* 280 S.W.3d at 694–99. For a complete discussion of the issues involved and resolved by the Cole County lawsuit, see *Executive Bd. of the Mo. Baptist Convention v. Windermere Baptist Conference Ctr., supra.*[2]

In the instant case, the Convention tried a different tack, filing a quiet title claim in Camden County, the county in which the real estate is located. The Convention's petition to quiet title named multiple defendants (collectively, "Defendants"), and based its claim for relief on allegations of fraud and other wrongful conduct purport-

---

**2.** The Western District issued its opinion after the instant case was filed but before the trial court entered its order of dismissal.

edly relating to the Convention's transfer of the real estate to Windermere. Various similarly situated defendants ("the dismissed defendants")[3] joined together in various combinations and filed a total of four separate motions to dismiss the quiet title action. None of these motions specifically requested that any resulting judgment of dismissal be entered with prejudice.

The trial court incorporated into one "Judgment Entry and Order" ("the dismissal order") its rulings on the four separate motions to dismiss filed by the dismissed defendants. The dismissal order directed that all claims brought by the Convention were dismissed except those brought against defendants James L. Hill and RDI, LLC. The dismissal order stated that the dismissed defendants were entitled to prevail on their motions based on grounds of: 1) abatement; 2) collateral estoppel; and/or 3) failure to state a claim. The dismissal order did not indicate whether the dismissals were granted with or without prejudice. The order did, however, state that "[t]here being no just reason for delay, this Judgment is designated final for purposes of appeal pursuant to Missouri Supreme Court Rule 74.01(b)."

## Standard of Review

◼ Our review of a trial court's decision to grant a motion to dismiss is *de novo*. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). "In ruling on a motion to dismiss, the trial court can only consider the pleadings, and appellate review is also limited to the pleadings." *L.C. Dev. Co. v. Lincoln County*, 26 S.W.3d 336, 339 (Mo.App. E.D.2000).

## Analysis

◼ The first question to be determined is whether the dismissal order is a final judgment from which the Convention may appeal. We are required to, *sua sponte*, "determine whether a judgment is final for purposes of appeal, and if the appeal is found to be premature, it must be dismissed." *Blechle v. Goodyear Tire & Rubber Co.*, 28 S.W.3d 484, 486 (Mo.App. E.D. 2000). Although the Convention is the party pursuing this appeal, it is in the somewhat unusual position of asserting that the dismissal order is not an appealable judgment. The dismissed defendants—who argue that the dismissal order was a final, appealable judgment—also claim this appeal should be dismissed, but for a different reason. The position of the dismissed defendants is that the appeal should be dismissed as time-barred because the Convention did not timely file its notice of appeal. We agree with the position asserted by the Convention.

The Convention did not voluntarily dismiss the claims at issue; they were dismissed by the court after Defendants filed motions requesting that relief. Involuntary dismissals are governed by Rule 67.03,[4] which states, in pertinent part, that "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." Rule 67.03. The order in the instant case did not indicate whether the dismissal was with or without prejudice.

◼ To qualify as a final, appealable judgment, the dismissal order must fall within a limited exception to the general rule governing dismissals. The applicable

---

**3.** This group included all of the named defendants except James L. Hill and RDI, LLC. These two defendants had also filed a joint motion to dismiss, but that motion was denied by the trial court and the Convention's claims against them remained pending.

**4.** Unless otherwise noted, all rule references are to Missouri Court Rules (2009).

general rule is that "[a] dismissal failing to indicate that it is with prejudice is deemed to be without prejudice." *Jeffrey v. Cathers,* 104 S.W.3d 424, 428 (Mo.App. E.D. 2003) (citing Rule 67.03; *Balke v. Ream,* 983 S.W.2d 579, 580 (Mo.App. W.D.1998)). The usual means of specifying that a dismissal is being made "with prejudice" is to use those words. Under this bright-line interpretation of Rule 67.03, the dismissal order would be deemed a dismissal without prejudice. "In a case of a dismissal without prejudice, a plaintiff typically can cure the dismissal by filing another suit in the same court; hence, a dismissal without prejudice is not a final judgment for purposes of appeal." *Ampleman v. Schweiss,* 969 S.W.2d 862, 863–64 (Mo.App. E.D. 1998) (quoting *Vernor v. Missouri Bd. of Prob. & Parole,* 934 S.W.2d 13, 14 (Mo. App. W.D.1996)); *Finerson v. Roper,* 161 S.W.3d 902, 904 (Mo.App. E.D.2005) (citing *Nolan v. State,* 959 S.W.2d 939, 940 (Mo. App. E.D.1998) ("Generally, a dismissal without prejudice is not an order from which appeal can be taken")).

The dismissed defendants assert that a trial court may effectively indicate a dismissal was granted with prejudice by certifying that a matter is final for purposes of appeal pursuant to Rule 74.01(b). Rule 74.01(b) is itself an exception to the general rule that "[i]n order for a judgment to be final and appealable[,] it must dispose of all parties and all issues and leave nothing for the court's later determination." *Crow v. Bertram,* 681 S.W.2d 6, 7 (Mo. App. E.D.1984) (citing *Gaa v. Edwards,* 626 S.W.2d 685, 686 (Mo.App. W.D.1981)). We must therefore first determine whether the trial court's Rule 74.01(b) certification was proper and, if not, whether it was nonetheless sufficient to indicate that the dismissal order was granted with prejudice under Rule 67.03.

## Certifying Less than an Entire Case as Final for Purposes of Appeal

█ The dismissal order did not dispose of all parties and all issues—the Convention's claims against James L. Hill and RDI, LLC remained pending. Under the general rule governing the finality of judgments, it would thereby fail to qualify as a final judgment for purposes of appeal. "Where, however, a case involves multiple claims and multiple parties, Rule 74.01 provides an exception to the general rule by allowing a trial court to designate as final a judgment 'as to one or more claims but fewer than all claims.'" *Masonic Temple Ass'n v. Compass Square & Star, Inc.,* 229 S.W.3d 134, 137 (Mo.App. E.D. 2007); Rule 74.01. That rule provides, in pertinent part:

> When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 74.01(b).

█ "A trial court's certification under Rule 74.01 [...] is not conclusive." *Id.* Rather, "[i]t is the content, substance, and effect of the order that determines finality and appealability." *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). Further, "[w]hen [as here] a court does not explain its decision, an appellate court should be

skeptical." *Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 550 (Mo.App. E.D. 2006) (citing *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir.1990)).

"[T]he trial court cannot make a judgment final which is not, in fact, final." *Crow*, 681 S.W.2d at 8 (citing *Daniels v. Richardson*, 665 S.W.2d 76, 77 (Mo.App. W.D.1984)). "In order for the designation to be effective, the order or judgment must dispose of 'a distinct judicial unit,' that is at least one claim for relief. 'A claim for relief is the aggregate of operative facts giving rise to a right enforceable by a court.'" *Masonic Temple Ass'n*, 229 S.W.3d at 137 (citing and quoting *Maloney v. Thurman*, 157 S.W.3d 337, 340 (Mo.App. E.D.2005)). A judicial unit that may be appealed is "the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim." *State ex rel. State Hwy. Comm'n v. Smith*, 303 S.W.2d 120, 123 (Mo. banc 1957). "It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim." *Gibson*, 952 S.W.2d at 244. Such "claims are separate if they require proof of different facts and application of distinguishable law, subject to the limitation that severing claims does not run afoul of the doctrine forbidding splitting a cause of action."[5] *Epstein*, 200 S.W.3d at 550.

"A judgment that resolves fewer than all legal issues as to any single claim is not final despite the trial court's designation under Rule 74.01(b)." *State ex rel. Bannister v. Goldman*, 265 S.W.3d 280, 285 (Mo.App. E.D.2008). "Missouri Courts apply a four-factor test in deciding whether Rule 74.01(b) certification is proper and whether there is, in fact, no just reason for delay." *Id.* at 286 n. 1.

> The four factors are: 1) whether the action remains pending in the trial court as to all parties; 2) whether similar relief can be awarded in each separate count; 3) whether determination of the claims pending in the trial court would moot the claim being appealed; and 4) whether the factual underpinning of all the claims are intertwined.

*Id.*; *see Saganis–Noonan v. Koenig*, 857 S.W.2d 499, 501 (Mo.App. E.D.1993).

When these factors are applied to the case at bar, it is apparent that the dismissal order was not properly certified for an immediate appeal. As earlier indicated, the trial court identified three legal grounds for its dismissal order. The first two stated grounds, abatement[6] and collateral estoppel, were not appropriate for immediate appeal because they were defenses to the Convention's claims that required proof of extrinsic facts—they did not constitute a challenge to the face of the petition. Until those extrinsic facts were properly presented to the trial court, either by trial or in a properly supported

5. To determine "whether or not a cause of action is single and cannot be split ..." this court examines: "1) whether the actions brought arise out of the same act, contract, or transaction; or 2) whether the parties, subject matter, and evidence necessary to sustain the claim are the same in both actions." *Id.* at 550–51.

6. "Although a pending action does not 'bar' a later action between the same parties, it is a defense which may be pled only as a ground for abatement of the later action." *In re Marriage of Gormley*, 813 S.W.2d 108, 111–12 (Mo.App. S.D.1991). Abatement can be pled as a defense when "there is another action pending between the same parties for the same cause in this state." *Id.* at 112. "[P]endency of a prior action is not ground for dismissal with prejudice, but ground only to stay or abate the later action." *Id.*

motion for summary judgment, no judgment purportedly based on those facts could possibly be ripe for appeal.

In addition, though not very artfully worded, the remaining defendants had also filed a motion to dismiss that claimed all of the Convention's claims were barred by collateral estoppel because they had already been litigated in the Cole County lawsuit. If James L. Hill had ultimately prevailed by means of that defense, the dismissed defendants would likewise have been entitled to the same relief and the issues currently certified for immediate appeal would be moot.[7] Finally, the extrinsic facts related to the Cole County litigation allegedly supporting the dismissed defendants' abatement and collateral estoppel defenses are inextricably intertwined with the facts relating to the Convention's claims against the remaining defendant. Therefore, we find that certifying the dismissed claims as appropriate for an immediate appeal pursuant to Rule 74.01(b) based on the principles of abatement and/or collateral estoppel was inappropriate.

■■■■ That leaves us with the third ground cited by the trial court—the failure to state a claim upon which relief could be granted. "When reviewing the dismissal of a petition for failure to state a claim, appellate courts treat the facts contained in the petition as true and construe them liberally in favor of the plaintiffs." *Ste. Genevieve Sch. Dist. R–II v. Board of Alderman of Ste. Genevieve,* 66 S.W.3d 6, 11 (Mo. banc 2002). Many of the Defendants' arguments that the Convention failed to state a claim improperly relied on assertions that the actual facts were different than those averred in the Convention's petition. Arguments that did not improperly challenge the facts as pleaded were that the Convention's petition failed to set forth all of the elements necessary to state a particular cause of action. If those assertions were correct, the defects could be corrected by the filing of a properly amended petition.

■■■■ Rule 55.33 states that leave to file an amended pleading "shall be freely given when justice so requires." Rule 55.33(a); *Asmus v. Capital Region Family Practice,* 115 S.W.3d 427, 433 (Mo.App. W.D.2003). Rule 67.06 states, in pertinent part: "[o]n sustaining a motion to dismiss a claim ... the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. *If* the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect; in which cases amendment shall be made promptly by the party in default."[8] Although leave to amend should be freely granted, a court rightly refuses such a request if the requested

---

7. The Convention's claim against the other remaining defendant, RDI, LLC, was dismissed when the trial court allowed the Convention to file a Third Amended Petition against James L. Hill ("the remaining defendant") only.

8. Emphasis added. The provisions of Rule 67.03 that allow a trial court to dismiss a petition with prejudice without freely allowing amendment as a sanction for the petitioner's failure to comply with its previous orders are not at issue here, in that the Convention was not found to have failed to comply with any court order. A trial court is also excused from complying with the provisions of Rule 67.06 if the petitioner does not request leave to amend. *Sisco v. James,* 820 S.W.2d 348, 351 (Mo.App. S.D.1991). Here, the Executive Board did request leave to file an amended petition in response to the dismissal order—a request denied by the trial court as to all claims brought against the dismissed defendants but granted as to those claims brought against defendants James L. Hill and RDI, LLC.

amendment would not cure the deficiency. *Asmus,* 115 S.W.3d at 433. Whether a requested amendment would be effective to cure a deficiency depends on the nature of the deficiency.

■■■ Assuming for the moment that the certification of a judgment as final for purposes of appeal pursuant to Rule 74.01(b) does not overcome the presumption that a dismissal otherwise silent on the issue is deemed a dismissal without prejudice, "a dismissal without prejudice for failure to state a claim upon which relief can be granted can be tantamount to a determination that the plaintiff has no cause of action and can result in a final, appealable judgment." *Ampleman,* 969 S.W.2d at 864 (citing *Meadows v. Jeffreys,* 929 S.W.2d 746, 748 (Mo.App. S.D.1996)); *State ex rel. Hazelwood Yellow Ribbon Comm. v. Klos,* 35 S.W.3d 457, 464 (Mo. App. E.D.2000) ("[A] dismissal 'without prejudice' for failure to state a claim may be appealed if it effectively precludes the plaintiff from re-filing the same cause of action.") (citing *WEA Crestwood Plaza v. Flamers Charburgers, Inc.,* 24 S.W.3d 1, 5 (Mo.App. E.D.2000)).

A dismissal without prejudice may nevertheless operate to preclude the party from bringing another action for the same cause, and may nevertheless be *res judicata* of what the judgment actually decided. *Douglas v. Thompson,* 286 S.W.2d 833, 834 (Mo.1956). When the effect of the order is to dismiss the plaintiff's action and not the pleading merely, then the judgment entered is final and appealable. *White v. Sievers,* 359 Mo. 145, 221 S.W.2d 118, 122 (banc 1949). The dismissal without prejudice for failure of the petition to state a claim, when the party elects not to plead further, amounts to a determination that the plaintiff has no action. In such a case, the judgment of dismissal—albeit

without prejudice—amounts to an adjudication on the merits and may be appealed. *Hasemeier v. Smith,* 361 S.W.2d 697, 699 (Mo. banc 1962); *Nicholson v. Nicholson,* 685 S.W.2d 588, 589 (Mo.App.1985). This train of exceptions serves to preserve to a plaintiff rights that otherwise would be lost from a dismissal, which, although without prejudice, becomes *res judicata* of what that judgment actually decides. *Healy v. Atchison, Topeka & Santa Fe R.R. Co.,* 287 S.W.2d 813, 815 (Mo.1956); *Douglas v. Thompson,* 286 S.W.2d [833,] 834 [ (Mo.1956) ].

*Mahoney v. Doerhoff Surgical Servs., Inc.,* 807 S.W.2d 503, 506 (Mo. banc 1991).

Here, the Convention did request leave to file an amended petition, but the court denied that request as to the claims brought against the dismissed defendants. The fact that the trial court later granted the Convention leave to amend its petition in regard to its claims against James L. Hill indicates that it was still willing to allow the Convention to correct defective attempts to seek relief which would be available under Missouri law if properly pleaded.

The ability to bring a cause of action in Missouri to quiet title to real property is provided by statute.

1. Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate

and interest of the parties severally in and to such real property.

2. And upon the trial of such cause, if same be asked for in the pleadings of either party, the court may hear and finally determine any and all rights, claims, interest, liens and demands, whatsoever of the parties, or of any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them, as fully and with the same force and effect as the court might or could in any other or different action brought by the parties, or any one of them, to enforce any such right, claim, interest, lien or demand, and the judgment or decree of the court when so rendered shall be as effectual between the parties thereto as if rendered in any other, different or separate action prosecuted therefor.

Section 527.150.[9]

The motions to dismiss filed by the various defendants asserted that the Convention's claims against them should be dismissed based on extrinsic matters related to the Cole County lawsuit (abatement and collateral estoppel) or attacked the sufficiency of the Convention's Second Amended Petition to assert each of the factual averments necessary to support its various claims for relief. In other words, setting aside the Defendants' references to matters requiring extrinsic proof, the remaining alleged defects could have been cured by the filing of a properly amended petition.

As a result, the trial court's dismissals based on the failure to state a claim for which relief could be granted did not implicitly constitute "a judgment on the merits, 'such that a refiling of the petition at that time would be a futile act.'" *Jones v.*

*Jackson County Circuit Court*, 162 S.W.3d 53, 58 (Mo.App. W.D.2005) (quoting *State ex rel. Dos Hombres–Independence, Inc. v. Nixon*, 48 S.W.3d 76, 79 (Mo.App. W.D. 2001)). Therefore, the dismissal order did not implicate that limited category in which a dismissal deemed to be without prejudice may still constitute a final, appealable judgment, and the trial court's certification of the dismissal order as final for purposes of appeal pursuant to Rule 74.01(b) was improper.

As earlier indicated, our analysis does not end here. The dismissed defendants argue that even if the trial court's certification under Rule 74.01(b) was improper, it was nonetheless an effective means of transforming what would otherwise have been deemed a non-appealable dismissal without prejudice into an appealable dismissal with prejudice under Rule 67.03.

### Does Rule 74.01(b) Certification Language "Otherwise Indicate" a Dismissal Was Entered With Prejudice Under Rule 67.03?

█ Again, under the usual interpretation of Rule 67.03, the dismissal order would be deemed a dismissal without prejudice and thereby not constitute a final, appealable judgment. The dismissed defendants argue that the use of the word "deemed" in the applicable cases should not be read as creating an irrebuttable presumption. Instead, it argues that the language a court uses to certify a distinct judicial unit as final for purposes of appeal under Rule 74.01(b) may also be a means of "otherwise specify[ing]" under Rule 67.03 that a dismissal was made with prejudice. This position is not completely without support. The Western District, without so holding, has at least hinted that such a certification might be a means of specifying that a dismissal was granted

9. Unless otherwise noted, all statutory references are to RSMo 2000.

with prejudice. *See Pruitt v. Missouri Dept. of Corr.*, 224 S.W.3d 630, 631–32 (Mo.App. W.D.2007).

Under the specific circumstances present in the case at bar, this district is not prepared to hold that the trial court's Rule 74.01(b) certification language indicated that its dismissal order was granted with prejudice. If we have misread the court's intent, it may easily rectify the situation by entering a judgment of dismissal that unambiguously dismisses the Convention's claims "with prejudice."

The appeal is dismissed.

BATES, P.J., and RAHMEYER, J., Concur.